Estate of Catharine Souder. Appeal of Joseph W. Souder, Margaret Manderson and Harry N. Williams, Executors.

169        249
f 35 SC  441

*Orphans' court—Petition for removal of executors—Responsive answer.*

A petition was presented by a legatee to the orphans' court for the removal of executors from their office. An answer was filed by the executors responsive to the petition, denying all the allegations relied upon as causes for dismissal. No testimony was taken on either side. *Held*, that the answer must be taken as true, and that the executors should not be removed.

Argued Jan. 28, 1895. Appeal, No. 211, July T., 1894, by Joseph W. Souder, Margaret Manderson and Harry N. Williams, executors, from decree of O. C. Phila. Co., removing said executors on petition of legatees. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Petition for the removal of executors.

The petition set forth that Catharine R. Souder, the decedent, died Oct. 29, 1886, leaving a will, dated June 17, 1886, whereby she provided, inter alia, as follows : ".When my brother (J. W. Souder) pays the $7,000 he owes me, or sells the share he gave me in the property at Chester, he is to receive all the papers he gave me as security," that she disposed of the money to the legatees, (petitioners,) and devised and bequeathed her residuary estate to her said brother and her sister and their children, appointing the brother and sister and Harry N. Williams executors, to whom letters were granted

That their inventory, filed Dec. 2, 1886, recites as follows :

| | | |
|---|---|---:|
| Furniture, | . . . . . . . | $ 426 85 |
| Cash, | . . . . . . . | 517 72 |
| Mortgage, | . . . . . . . | 3,000 00 |
| J. W. Souder, due decedent, with collateral, | . | 7,000 00 |
| | | $10,944 57 |

That nothing was done towards the administration of the estate till October, 1893, when the mortgage of $3,000 was sold and the legacies from that amount paid; and no accounting was made until November, 1893, when an account was filed in obedience to a citation, and it was then found that no effort had been made to collect the debt of $7,000; that for said debt the estate holds as collateral certain interests in real and personal estate of a deceased brother and certain stock in the Chester Land Company; that the said executrix, Margaret Manderson, has removed to Washington, D. C., where she resides; that Harry N. Williams is an invalid, and resides out of the county, and Joseph W. Souder is likely to prove insolvent, is a debtor to the estate and president of the company, the stock of which is held as collateral security for the debt.

The petition charges neglect and mismanagement, and that

the interests of the estate are likely to be jeopardized, and asks that the executors be removed.

The answer of the executors denied that nothing was done in the administration till October, 1893, but averred on the contrary, that the usual course had been proceeded with; that the $3,000 mortgage, while difficult to dispose of because of the existence of prior ground rents, was finally sold for less than its face value, and the executors supplied the difference of $816.75 out of their own pockets; that prior to its sale the executors themselves, in order to facilitate distribution, advanced some of the legacies payable out of said mortgage. The answer further denied that the so-called debt of J. W. Souder was represented by certain interests in the real and personal estate of his deceased brother, and that it was an obligation such as could be enforced at law, averring that it consisted simply of an option on his part to claim the reassignment of the stock upon payment by him of the $7,000, and that at no time since decedent's death had the stock attained any value because the real estate operation which it represented as yet remained immature. It further denied the insolvency of J. W. Souder, and averred that he is in better circumstances than when nominated as executor by decedent, who was fully acquainted with his financial condition. It admitted the change of residence of two of the executors, but denied the alleged incapacity of Harry N. Williams, and averred that the executors had managed the estate for the best interests of all concerned, had even voluntarily added to it without expectation of reimbursement, and had received no commission for their services; and further, that it was contrary to the intent of the will itself that said Souder should be removed from control of said stock.

The case was heard on bill and answer without testimony and the following opinion filed June 16, 1894, by ASHMAN, J.:

" We think that this petition should be granted. Two of the respondents are living outside of this jurisdiction, and the interests of the remaining executor are hostile to those of the estate. In addition to the reasons assigned by the petitioners, the circumstances which led to the surcharge of the accountants with the debt of one of their number, and which are set out in the opinion sustaining the exceptions to the executors' account,

fully warrant the removal under the act of May 1, 1861, sec. 1.
The petition is granted."

PENROSE, J., dissents.

*Errors assigned* were, (1) granting the petition for the re-
moval of the executors; (2) deciding that the interests of the
third executor (J. W. Souder) are hostile to those of the estate;
(3) deciding that the circumstances set out in the opinion sus-
taining the exceptions to the executors' account fully warrant
their removal under the act of May 1, 1861, sec. 1.

*John G. Johnson* and *J. Percy Keating, B. Gordon Bromley*
with them, for appellant.—The answer must be taken as true.
2 Daniel's Ch. Prac. p. 982.   The power of removal of the two
executors who have ceased to reside in the state is discretionary.
Act March 29, 1832, § 27, Purd. 560; Grotz's App., 1 North-
ampton 96.   It is submitted that the removal of Mrs. Manderson
would not further the cause of administration, nor would her
continuance as executor prejudice the estate remaining undis-
tributed.   If the application for the removal of Mr. Williams is
based on the ground of physical disability under act May 1,
1861, § 2, Purd. 561, it is to be observed that this act applies to
*sole* executors only, and to cases of incompetency to discharge
the duties of his trust by reason of his disability.   Moreover,
the answer denies that Mr. Williams is incompetent to discharge
the duties of his trust by reason of his infirmity.   The action
of the executors regarding the $7,000 legacy (see preceding
case) does not justify their removal on that account.

The executors have managed the estate for the best interest
of all concerned; they have voluntarily supplied over $800 of
their own funds with which to pay legatees without expectation
of reimbursement; they have received no commissions; the
estate with the exception of the $7,000 legacy which cannot as
yet be distributed, has been settled by them without the loss of
a dollar; an order of removal would reflect upon their credit
and the remaining asset could not be benefited or sooner dis-
posed of by the appointment of a stranger, and if deemed nec-
essary to afford protection to the remaining asset, security could
be required under act March 29, 1832, § 22, Purd. 558.   Under
these circumstances, the executors should not have been re-
moved: Parsons's Est., 82 Pa. 465.

*A. M. Burton, J. M. Pile* with him, for appellees.—Of the executors, Margaret Manderson had removed from the state and was residing permanently at Washington ; Harry N. Williams was an invalid, had taken no part in the management of the estate and was out of the jurisdiction ; Joseph W. Souder was insolvent, a debtor to the estate, hostile to its interests and had absolute control of the only property from which anything could be realized with which to pay the legatees.

Whether the removal was distinctly within the terms of the act of 1861, or under the general powers of the orphans' court, it is submitted that the decree was eminently proper and should not be disturbed.

OPINION BY MR. JUSTICE GREEN, July 18, 1895 :

This is an appeal from an order of the orphans' court removing the executors of the will of the testatrix from their office. The case was heard in the court below on the petition of a legatee under the will of the deceased, and the answer of the executors thereto.   No testimony of any kind was taken, and hence the facts set forth in the answer which are responsive to the petition, and deny its material allegations, must be taken as true. The matters contained in the petition and which are relied upon as causes of dismissal, are all denied in the answer, and especially the allegation concerning the mismanagement of the estate and the non-collection of the $7,000 debt owing by Joseph W. Souder.   The answer avers that it has been impossible to realize on the securities for that debt, as they have heretofore had no market value, but that there is a prospective value which may be realized, upon some further delay.   The answer also denies that the change of residence of the two executors in any way interferes with their ability to manage the estate, and it also denies that Mr. Williams is an invalid.   The answer alleges that J. W. Souder and Margaret Manderson, who are a brother and sister of the testatrix, are legatees, and also residuary legatees, under the will, and that their sister knew all about them when she selected them as executors.   The answer also alleges that the executors have administered all the estate except that one item of the claim against J. W. Souder, that they have charged no commission for their services, and that they have advanced money to pay some of the legacies.   It is true that

J. W. Souder denies that he owes the estate a debt of $7,000, but admits that he will have to pay $7,000 in order to redeem the 140 shares of the stock of the Chester Land and Improvement Company which he assigned to the testatrix.

In view of all the circumstances attending the case, we think it better that these executors should not be removed at this time, and as we have ordered a sale of the securities in another appeal taken in this estate, we think justice will be better subserved by their continuance in office for the present.

Decree reversed at the cost of the appellee.