Opinion by
Henderson, J.,
The act of March 5, 1832, does not make provision for the preservation of the evidence upon which the register acts in granting or refusing to grant letters of administration. The evidence was taken before the register at the hearing in this case but the appellees objected to its consideration. It is claimed, however, that under a rule of the orphans’ court of Lancaster county the evidence was properly before that court. The rule referred to provides that the official stenographer shall attend the hearings of contested wills and administrations held by the register of wills and take the testimony produced in such case, and that the testimony so taken shall upon being duly certified by the register, be transmitted with the record to the orphans’ court and be used in all subsequent proceedings before that court. We need not determine whether the orphans' court has authority to adopt a rule in any way regulating the proceedings before the register, for an inspection of the record shows that the testimony taken was not certified by the register, as required by the rule, and might have been disregarded by the orphans’ court. Without the evidence the record consists of the appeal from the action of the register, the petition of the appellants and the answer of the appellees. A replication was not filed, nor was any testimony taken in the orphans’ court. In such a case all the averments of the answer will be taken to be true: Souder’s Estate 169 Pa. 249. The answer filed by the respondents is a comprehensive and specific denial of the material averments of the petition and is sufficient to justify the dismissal of the appeal. If the case were to be determined on the evidence, however, we are not satisfied that the learned judge of the orphans’ court committed any error in the conclusion reached. The weight of the evidence supports the findings. The decree is affirmed.