## Tressler's Estate.

*Equity—Specific performance—Sale of real estate—Proceeding in Orphans' Court—Sale to tenant—Evidence.*

Where a purchaser of real estate by parol is in possession as a tenant; and there is a cotenant in possession with the purchaser, and the landlord directs the cotenant to pay the rent to the purchasing tenant as owner, and the tenant so pays the rent, this will effect such a change of possession that with the payment in part of the purchase-price, will enable the vendee to enforce specific performance of the contract of sale in the Orphans' Court after the death of the vendor.

Specific performance of an oral contract to sell real estate will be enforced in a proceeding in the Orphans' Court against a decedent's estate, where the evidence shows that the decedent made several declarations that he had sold the property in question to the petitioner; that the property was a double house, one-half occupied by the petitioner as a tenant and the other half by another tenant; that the decedent had directed the other tenant to pay the rent to petitioner which he did; that the decedent had given the petitioner a receipt for $100 "in full for house and lot"; and that decedent had taken petitioner's son on the premises and pointed out to him the boundary lines.

In such a case the fact that the purchase-price was $100 while the real value of the property was over $500 is immaterial, if it is shown that the decedent was a friend of the petitioner, that the latter was a cripple; that decedent had stated that he had made the sale so that his friend would "not need to move around," and that decedent by his will attempted to give all his property to charity.

Argued Oct. 25, 1916. Appeal, No. 246, Oct. T., 1916, by John Tressler, Executor of John P. Tressler, deceased, in his own behalf as such Executor, and on behalf of William P. Tressler, Alice Ziegler et al., Collateral heirs of John P. Tressler, deceased, from decree of O. C. Northumberland Co., May T., 1915, No. 22, awarding specific performance in Estate of John P. Tressler, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition for specific performance. Before CUMMINGS, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree awarding specific performance.

*W. J. Sanders,* with him *Geo. B. Reimensnyder,* for appellants.—The receipt was improperly admitted in evidence: Mellon v. Davison, 123 Pa. 298; Ferguson v. Staver, 33 Pa. 411; Mason v. Ammon, 117 Pa. 127; Hammer v. McEldowney, 46 Pa. 334; Soles v. Hickman, 20 Pa. 180; Ranney v. Byers, 219 Pa. 332; Tighe v. Doran, 7 Kulp 124; Safe Dep. & Trust Co. of Pittsburgh v. Diamond Coal & Coke Co., 234 Pa. 100.

The evidence was insufficient to support the decree: Soles v. Hickman, 20 Pa. 180; Mellon v. Davison, 123 Pa. 298; Rineer v. Collins, 156 Pa. 342; Derr v. Ackerman, 182 Pa. 591; Brawdy v. Brawdy, 7 Pa. 157.

The receipt giving no description or identification of the property and the parol evidence being so uncertain and conflicting with the description given in the petition for citation, specific performance cannot be enforced: Agnew v. Southern Land Co., 204 Pa. 192; Doolittle's Est., 40 P. L. J. 394.

A tenant in possession cannot be a purchaser by parol without a formal surrender of his possession under the lease and a resumption of it under the contract of purchase. The same principle is ruled in, Bassler v. Niesly, 2 S. & R. 352; Soles v. Hickman, 20 Pa. 180; Mason v. Ammon, 117 Pa. 127; Hammer v. McEldowney, 46 Pa. 334; Ergood's Est., 1 Pearson 399.

*J. P. Carpenter,* with him *F. A. Witmer,* for appellee. —The decree was proper: Williams v. Landman, 8 W. & S. 55; Pugh v. Good, 3 W. & S. 56; Jamison v. Dimock, 95 Pa. 52; Taylor v. Gould, 57 Pa. 152; Wonsetler v.

Wonsetler, 23 Pa. Superior Ct. 321; Holt v. McWilliams, 21 Pa. Superior Ct. 137; Greenwich Coal & Coke Co. v. Learn, 234 Pa. 180; Brown v. Baily, 159 Pa. 121; Parry v. Miller, 247 Pa. 45.

OPINION BY KEPHART, J., March 7, 1917:

This is a proceeding to enforce specific performance of John P. Tressler's contract under the Act of April 28, 1899, P. L. 157, Sec. 4, for a double house and lot in Herndon, Northumberland County, fronting fifty-two feet on East Pottsville street, and of an even width one hundred feet in depth.

"Relief, therefore, is not the absolute right of either party—it is of grace only, and rests in the discretion of the court to be exercised upon a consideration of all the circumstances of the case": Rennyson v. Rozell, 106 Pa. 407. Elias Bohner, the vendee, was a tenant occupying one side of this double house. In December, 1914, Tressler, the then owner of the premises, sold this property to Bohner by parol agreement. During this month and afterwards, he told a number of persons that he had sold the property to the petitioner, and that Bohner was the owner. He repeated this statement in the presence of Bohner and at least two other witnesses, explaining his reasons for selling the property. About the time the sale was made he took the vendee's son on the premises and pointed out the division lines of the property, indicating its width and depth. He stated to him, and another witness that the deed was to be delivered about April 1, 1915. The contract price was $100. He gave Bohner a receipt for $100, dated December 4, 1914, which read "in full for house and lot." When the tenant of the other side of the property went to pay his rent to Tressler, he was told by Tressler that he did not own the property, that he had sold it to Bohner, and that the tenant should pay the rent to Bohner. This the tenant did during the lifetime of Tressler. Bohner, since the sale, has

continued to exercise acts of ownership over the property.

We think the evidence warranted a decree of specific performance of contract for the reason assigned by the statute, that "it would be against equity to rescind the. same." Every essential of an oral contract was proven by competent witnesses. The receipt given to the appellee was not the basis of the contract, but as the learned court found, "it was admissible to prove payment of consideration." It was an aid in establishing the contract. Appellee did not rest his case solely on this receipt, and the authorities relied on by the appellant as to the effect of the receipt as a contract do not apply to the facts in this case.

In an action to enforce specific performance of an unwritten contract, open, notorious, and exclusive possession in the vendee is necessary to take the parol contract out of the statute. Where a tenant is in possession of the premises under a lease, and purchases the premises by parol, there must be a formal surrender of his possession under the lease and a resumption of it under the contract of purchase: Greenlee v. Greenlee, 22 Pa. 225-237. So it has been held that the purchaser under a parol agreement in possession when the agreement was made, cannot buy from his landlord by parol, for being already in possession his continued possession will not avail him, the sale being unaccompanied by some notorious act that equity demands as the substitute for a written contract: Jones v. Peterman, 3 S. & R. 543; Greenlee v. Greenlee, supra; Lincoln v. Africa, 228 Pa. 546; Hill v. Meyers, 43 Pa. 170; Brawdy v. Brawdy, 7 Pa. 157. But where a tenant in possession is directed to pay rent to the purchaser by parol, this is such a delivery of possession as, with the payment of the purchase-price, will enable the vendee to maintain ejectment: Williams v. Landman, 8 W. & S. 55. The contract of the vendee was sustained where the evidence showed that the vendee, subsequent to the sale under a parol agreement, had, by parol, leased

the premises to the vendor: Pugh v. Good, 3 W. & S. 56.

From these different principles it follows that where the purchaser is in possession of the premises as a tenant, and there is a cotenant in possession with the purchaser, and the landlord directs the cotenant to pay the rent to the purchasing tenant as owner, and the tenant so pays the rent, this will effect such a change of possession that, with the payment in part of the purchase-price, will enable the vendee to enforce in equity specific performance of the contract of sale. Possession, to satisfy the requirement of equity, was taken by the vendee from Bubb, the tenant, when he duly attorned as tenant to Bohner, the purchaser.

It may be accepted as a general rule that possession under a contract of sale, and payment of part of the purchase-price, will entitle the vendee to specific performance of contract: Haslet v. Haslet, 6 Watts 464; Jamison v. Dimock, 95 Pa. 52; Fay's Est., 213 Pa. 428. Allen's Est., 1 W. & S. 383, is not opposed to this ruling. In that case there were two specific and distinct parcels of land, but the general principle as expressed in 36 Cyc. 668 would seem to be opposed to the doctrine enunciated in Allen's Estate, supra. "Where there is an entire contract for the sale of distinct parcels to the vendee for a gross price, his possession of one of the parcels is deemed to be a possession of all. On the other hand, where the contract is not for a gross price, but the price is apportioned among the several parcels, possession and improvement of one of the parcels is not a part performance as to the others."

Considering the petitioner's evidence as to the lines of the property, "If the evidence prove the location and quantity of the land with sufficient precision to enable the jury to determine them, so as to direct how a surveyor may run it off from the residue of the tract, the boundaries are sufficiently certain in the case of parol sale, or gift": Burns v. Sutherland, 7 Pa. 103; Fay's Est., supra. The witness to whom Tressler pointed

out the lines went over the ground and from the description given by Tressler the present description is obtained. The receipt stubs should not have been received in evidence. There is nothing on the record to show the circumstances under which they were made or that Bohner knew anything about them. It was not necessary for the petitioner to show improvements for which he could not be compensated in damages in order to effect a recovery.

The contract price was $100. There was evidence that the property was worth from $500 to $1,200. It is true, as a general proposition, when a price is grossly unreasonable, or inadequate or a contract is in other respects inequitable, equity will refuse to lend its aid to the enforcement of such contract. But it appears that Tressler was of a charitable disposition, and Bohner was his friend, whom he pitied because of his crippled condition. He stated to Shaffer that he sold the property to Bohner "reasonable, right," so that he would "not need to move around." When Tressler died he attempted to give all his property to charity. His will contains bequests for fifteen or more charitable purposes. While the will may have been made within the time prohibited by law, it does not affect its use in the present hearing to show the testator's inclination to be charitable and explain the reasonable probabilities of his conveyance to Bohner. From this and the other evidence in the case, we do not wonder that he sold the house to this cripple for the consideration named, even if it was worth the amount claimed. If such contract were rescinded, the petitioner could not be compensated in damages, if that evidence was a necessary factor in this case. The parties were brought "face to face" with each other, as suggested in Shaffer's Est., 205 Pa. 150, and acknowledged their contract. The court was not in error in carrying it into effect.

The decree is affirmed at the cost of the appellants.