## MECUM VS. METZ, ET AL.

### (No. 1034, February 5th, 1924; 222 Pac. 574.)

Frauds, Statute of—Contracts—Oral Agreement for Sale of Land—Possession as Affecting Statute of Frauds—Mines and Mining—Words and Phrases.

1. An oral agreement by an attorney to perfect title to mining claims that had already been initiated in the land office, and were pending before the Secretary of the Interior in exchange for an interest in the premises, *held* to be a contract for the sale of real estate, and in view of Comp. St. 1920, § 4719, was void.

2. A contract for the sale of real estate as contemplated by Comp. St. 1920, § 4719, is one for the transfer of property or real estate, for a fixed price in money, or its equivalent.

3. Where an attorney by an oral agreement agreed to perfect title to mining claims in exchange for an interest therein, the fact that he was admitted into possession by the owner was insufficient to take the contract out of Comp. St. 1920, § 4719, the statute containing no provision allowing part performance to take an oral contract for the sale of land out of its operation.

4. Even if entry into possession of land could take an oral contract out of the statute, a possession which is not exclusive, but is joint with the owner, and is not accompanied by the making or improvements, cannot have that effect.

APPEAL from District Court, Converse County; RALPH KIMBALL, Judge.

Action by William F. Mecum against Henry Metz and others, upon a contract for service. Heard on demurrer to plaintiff's petition. Judgment for defendants and plaintiff appeals.

*Diefenderfer & Wakeman* and *Raymond La Fleich & Kem* for Appellant.

The agreement was not within the statute of frauds, 4719 C. S., not being for the sale of real estate or the lease thereof, but one of employment, fixing compensation of an attorney; the agreement was one of association and not a contract to convey; locations of mineral ground upon public land are of course property, 18 R. C. L. 1152; Mount Rosa v. Palmer, (Colo.) 77 A. S. R. 245, but the transaction was not a sale; words are to be taken in their usual sense, 4570 C. S., Cone v. Ivinson, 4 Wyo. 203, 33 Pac. 31; Anderson Dic. 914; the meaning of the term "sale" is well understood, 2 Bouvier's Dic. 943, "Five Per Cent Cases", 28 L. ed. 198; Coulter v. Trust Co. (Ore.) 26 Pac. 565; Hampton v. Moorhead, (Ia.) 17 N. W. 202; Nor. Pac. Co. v. Sanders, 47 Fed. 604; Labarre v. Klosterman, (Neb.) 49 N. W. 1102; Mora v. Murphy, (Cal.) 23 Pac. 63; Cooper v. State, 37 Ark. 412; Holman v. Bank, 12 Ala. 369; Spinney v. Hill, (Minn.) 84 N. W. 116; Williamson v. Berry, (U. S.) 12 L. ed. 1170. An agreement to locate and patent mineral land is not a contract to convey, Lipscomb et al. v. Nichols, 6 Colo. 290; Walker v. Bruce, (Colo.) 97 Pac. 250; Moritz v. Lavelle (Cal.) 18 Pac. 803; Eberle v. Carmichael, (N. M.) 47 Pac. 717; Note 102 A. S. R. 238, 20 Cyc. 230; 1 Devlin on Real Estate (3 Ed.) 233a; Huff v. Hardwich, (Colo.) 75 Pac. 593; possession and recognition of appellant's interest is a waiver in any event of the bar, created by statute, Murley v. Ennis, 2 Colo. 300. Metz admitted appellant into possession; appellant expended money for

development of the land; Metz had no title to convey at the time appellant was employed.

*Hagens & Murane* for Respondent, Ross Lambert.

Appellant contends that the agreement was not one for the sale of real estate, but a contract of employment; an agreement of association, and even if within the statute of frauds, he having been admitted into possession of the mining claims, respondents are estopped to set up the statute; his suit was not for specific performance; the agreement was oral and within the statute, 4719 C. S., the word "sale" is susceptible of a broader meaning than an exchange of property for cash, Mansfield v. Ass'n., 97 Pac. 150; Hughes v. Washington, 72 Ill. 84; Davis v. Middleton, 14 Cal. 540; Roberts v. Ry. Co., 158 U. S. 1, as applied to liquor sales, it means disposition for money, property or other valuable consideration. Mason v. Lothrop, 73 Mass. (7 Gray) 354-358; Howard v. Harris, 90 Mass. (8 Allen) 297-299; U. S. v. Vinson, 8 Fed. 507; Huff v. Hall, (Mich.) 23 N. W. 88; Com. v. Clark, 80 Mass. 367-372; State v. Tehan, 50 Conn. 92-99. It is likewise so held in private transactions, Berger v. U. S. Steel Corp., (N. J.) 53 Atl. 68; Cole v. Cole, 54 So. 553, 25 R. C. L. 133, 371; 20 Cyc. 299, also in cases where decedent has promised to convey in consideration of services rendered during old age, Ellis v. Carey, (Wis.) 42 N. W. 253; Cooper v. Colson, (N. J.) 58 Atl. 337; 3 Pom. Eq. Jur. 457; Stellmacher v. Bruder, (Minn.) 95 N. W. 324. The allegations of the petition are, that Metz was the owner of unpatented lode mining claims; this was not a "grub stake" contract, 3 Lindley 2117, Sec. 858. Appellant's allegations of improvement are indefinite; an oral agreement accompanied by possession does not take the case out of the statute, McLain v. Healy, (Wash.) 168 Pac. 1; or an oral agreement to sell growing hay, Ross v. Cook, (Kans.) 80 Pac. 38. Where acts accompanied by temporary possession may be compensated in damages, there can be no specific performance, Kelsey v. McDonald, (Mich.)

42 N. W. 1103; Hunt v. Lipp (Neb.) 46 N. W. 632; Mann v. Mann, (Cal.) 91 Pac. 994. Joint possession with owner will not take the case out of the statute, Chadwick v. Felt, 35 Pa. St. 304; Wright v. Puckett, (Va.) 22 Grat. 370, 23 Cent. Dig. c. 2401.

*Nichols* and *Stirrett* for respondent, Henry Metz.

Sale transactions are not restricted to money considerations. U. S. v. Vinson, 8 Fed. 507; Com. v. Clark, 80 Mass. 367; Berger v. U. S. Steel Corp., 53 Atl. 68; Reed v. Golden, 28 Kans. 632, 42 Am. Rep. 180; any valuable consideration is sufficient, Yick Sung v. Herman, 2 Cal. App. 633, 83 Pac. 1089; Radbaugh v. Scanlan, 82 N. E. 544; Micks v. Stevenson, 51 N. E. 492; Colorado v. Laird, 121 Ia. 146, 96 N. W. 744; especially when the meaning of a private contract demands it, Mansfield v. Ass'n., 97 Pac. 150; any contract to convey land in consideration of services must be in writing, 25 R. C. L. 724; Jackson v. Stearns, 58 Ore. 57; part payment in cash for service or otherwise, is sufficient performance to take an oral contract out of the operation of the statute, Williams v. Morris, 95 U. S. 444; Baldwin v. Squier, 31 Kans. 283; Brown v. Hogue, 35 Minn. 373; Dean v. Anderson, 34 N. J. Eq. 496; Ludwig v. Bingert, 48 N. Y. App. Div. 613; Armstrong v. Kattenhorn, 11 Ohio 265; Eason v. Eason, 61 Tex. 225; Grant v. Grant, 63 Conn. 530. An agreement to pay for personal services by testamentary provision, which includes real estate, is within the statute, Ellis v. Carey, 4 L. R. A. 55. Part performance will not take the case out of the statute, Blanchard v. McDougal, 6 Wis. 157; Smith v. Finch, 8 Wis. 245.

*William O. Wilson* for respondent, Edward D. Lorimer.

The transaction is a sale, Iowa v. Illinois, (U..S.) 28 L. ed. 198; Anderson's Dic. 914; Dunn v. Mayo Mills, 134 Fed. 804; 2 Kent 416; Mansfield v. Ass'n., 97 Pac. 150; Ullman v. Land, (Tex.) 84 S. W. 294, 20 Cyc. 227; possession shown by the evidence here is insufficient to satisfy the statute, Riggs v. Adkins, (Ore.) 187 Pac. 303; Rohrhaugh v.

Mokler, 26 Wyo. 520; Ellis v. Carey 42 N. W. 252; Good-loe v. Goodloe, 92 S. W. 767; Stillmacher v. Bruder, 95 N. W. 324; Wallace v. Long, 5 N. E. 666. The principle of Association does not apply, Walker v. Bruce, (Colo.) 97 Pac. 250; Moritz v. Laveille, (Cal.) 18 Pac. 803; Eberle v. Carmichael, (N. M.) 47 Pac. 717; Coughanour v. Grayson, (Idaho) 113 Pac. 724; Huff v. Hardwick, (Colo.) 75 Pac. 593. The agreement must be written, 2 Brown St. Fraud, p. 4, 20 Cyc. 210, 296, 298; Montana & Wyoming Co. v. Gibson, 19 Wyo. 1; Murely v. Ennis, 2 Colo. 300 does not apply.

*Deifenderfer & Wakeman* in Reply.

Where oral agreements creating interest in land have been carried into effect by the parties, the rights acquired are not affected by the statute. Rohrbaugh v. Mokler, (Wyo.) 188 Pac. 448.

Ilsley, District Judge.

In this case separate demurrers of the several defendants were sustained to plaintiff's second amended petition, whereupon, plaintiff refusing to plead further but electing to stand upon said petition, judgment was rendered for the defendants. The case is here on direct appeal from that judgment. The facts set forth in the second amended petition and which stand admitted by the demurrer in the cause are briefly stated as follows:

That the plaintiff is a practicing attorney; that in January, 1916, in consideration of professional services to be performed by the plaintiff within a year for the defendant Henry Metz, they entered into an oral contract whereby the defendant Henry Metz was to convey to the plaintiff an un-divided one-third interest in seven certain lode mining claims, and agreed to make plaintiff a part owner therein as soon as the work and services were performed; that at the time the agreement was entered into a man by the name of Demmon had made a homestead entry over the mining claims and that in September 1913 Demmon offered com-

mutation proof on his homestead entry and a final receipt
was issued to Demmon upon the very lands covered by the
seven mining claims; that later Metz filed a protest in the
Douglas Land Office against the homestead entry, commuta-
tion proof and final receipt, and the protest was disallowed
by the local Land Office and also by the Commissioner of
the General Land Office, and that Metz appealed to the Sec-
retary of the Interior. That the agreement with reference
to plaintiff's third interest in the lands was entered into be-
tween the parties while the appeal was pending before the
Secretary of the Interior, and the plaintiff was to do what-
ever was necessary as an attorney to secure a hearing on
the protest and to prevent issuance of the Patent to Dem-
mon, and to save the defendant, Metz, his rights in the lode
mining claims, and should this be done the defendant, Metz,
would convey to Mecum an undivided one-third interest in
said mining claims; that the services by the plaintiff were
duly performed resulting in the reversal of the Commission-
er of the General Land Office, and the plaintiff thereafter
succeeded in bringing about a compromise and settlement
between Metz and Demmon, whereupon Demmon relin-
quished his homestead entry, and that the plaintiff, Mecum,
performed all of the conditions of his contract, and that
through the work and professional services of the plaintiff,
Metz saved and recovered his mining claims, and that Metz
admitted the plaintiff in the possession as an owner of an
undivided one-third interest in said mining claims, and un-
til May 1918 recognized and admitted the right and title of
the plaintiff to his one-third interest; and that after the
completion and performance of the oral agreement plaintiff
demanded the conveyance in writing of the undivided one-
third interest in said mining claims, but the defendant Metz
neglected and refused and still refuses to execute and de-
liver such conveyance, and that later in May, 1918, Metz
gave an option to the defendant, Ross Lambert, to purchase
all of said claims, and still later on July 5, 1918, the defend-
ant, Metz, executed a quitclaim deed for an undivided one-

third interest to Ross Lambert, and that on the 23rd day of July, 1918, the defendant Ross Lambert made a lease of all of the mining claims to the defendant, Edward D. Lorimer, who in turn made an assignment of all his interest to the Lorimer Minerals Company, a corporation, defendant. That it is alleged in the petition that all of the last named defendants knew and had notice of plaintiff's rights in the mining claims. The petition prays that the defendants be required to convey to the plaintiff an undivided one-third interest in and to the mining claims, or in default thereof to pay the plaintiff $10,000.00, the reasonable value of the mining claims.

The question raised by the demurrer and presented for decision is this:

Does the contract described in the petition come within the Statute of Frauds requiring an agreement for the conveyance of real estate to be in writing? We think it does. That part of the Statute of Frauds, with which we are concerned here, is as follows:  Sec. 4719 Wyoming Compiled Statutes, 1920: ''In the following cases every agreement shall be void unless such agreement, or some note or memorandum thereof, be in writing and subscribed by the party to be charged therewith   *   *   *   Fifth:—Every agreement or contract for the sale of real estate,   *   *   *.''

Counsel for the appellant contend that the agreement set out in the petition was not one for the sale of real estate and is therefore not void as coming within the provisions of our statute of frauds, but that the agreement was one of employment and fixing compensation of an attorney rather than a contract for the sale of real estate, and further that the agreement was one of association and not in the nature of a contract to convey real estate on the part of the defendant, Metz. The facts reduced to a simple statement merely amount to an agreement on the part of Mecum as an attorney to perfect the title to mining claims that had already been initiated in the Land Office and pending before the Secretary of the Interior, and upon the services being per-

formed Metz would convey to Mecum the interest in the premises agreed upon. This we believe to be a contract for the sale of real estate. We do not think that this agreement was one merely of association to initiate and perfect a title to mining claims, because Metz already had his title. True, at the time Mecum took hold of the case it was an inchoate right, but the entry was valid even at that time, as was afterwards held by the Secretary of the Interior, because Metz obtained title to the lands.

The case relied upon by counsel for appellant of Murley v. Ennis, 2 Colo. 300, we do not believe applicable to this case; it should be distinguished from it because in that case the transfer of property, which was being discussed by the Court, was of an incipient interest in a mining claim after occupancy, brought before the location was completed. In other words, the agreement referred to in the Murley v. Ennis case had to do with the perfecting of title to mining claims before the title was complete. It is true that in this case the title of Metz was attacked by an agricultural entry, but Mecum had nothing to do with the perfecting of the title as against Demmon, except to show to the Secretary of the Interior, as an attorney, that the title relied upon by Mecum was a paramount good title.

If in the beginning there was an agreement between the parties to set out and locate mining lode claims, we take it there would be no question but what the transaction would be one of joint adventure, or association of individuals to procure title to these mining claims. It was well said in the South Dakota case of Reagin v. McKibben, 11 S. D. 270 76 N. W. 943, that an arrangement or an agreement to locate a mining claim for the benefit of others, or in trust for others, if made prior to location, is valid, although not in writing, but after the location has been made the claim becomes real property and no agreement to convey it or any part is binding upon the vendor, unless evidenced by writing, subscribed by him or his agent. See also Moore v. Hamerstag, 109 Cal. 122, 41 Pac. 805; Cascaden v. Dunbar, 2 Alas-

ka 408. The question in the case last cited was whether the contract involved was a "grubstake" contract or an oral contract to acquire an interest in real property. The court said that a perfected mining claim is real property in Alaska, and that a grubstake contract is an agreement between two or more parties to thereafter locate mines upon the public domain whereby, through joint effort or expense, each is to acquire, by virtue of the act of location, an agreed interest in the mine, and that it is not within the statute of frauds, but, defining the status of the contract then in question as an agreement that in consideration of services in staking mining claims an interest therein would thereafter be conveyed, the court concluded by saying:

"It is, then, my opinion that, so far as it is based upon the original oral agreement, this suit must fail because the agreement was within the statute of frauds and void;" * * *.

As to the definition of a "contract for the sale of real estate," as contemplated by our statute of frauds, we prefer that which gives to persons dealing in the ordinary affairs of life the right to make a sale in the ordinary way, that is, to transfer property or real estate "for a fixed price in money *or its equivalent;*" rather than to restrict the definition to a transfer "for a price in money" or "for a certain price in current money." See Anderson's Dict. of Law, 914; 2 Bouvier's L. Dict. 943; Sprague v. Haines, 68 Tex. 215, 4 S. W. 371.

The principle aforesaid has been applied in several cases where the oral contract provided for the transfer of an interest in payment of attorney's services in litigation concerning the title to the land. And we cite with approval the case of Oxborough v. St. Martin, 151 Minn. 514, 187 N. W. 707, 21 A. L. R. 350, where it was held that an agreement between an attorney and his client that the attorney shall receive as part of his fee a portion of certain land involved in the litigation was within the statute of frauds,

and in order to be valid such agreement must be in writing. And in Oregon, under a statute declaring void unless in writing "an agreement  *  *  *  for the sale of real property or any interest therein," where duplicate copies of a contract were prepared in which it was to be agreed that if the attorney secured a decree quieting title to land the defendant in the suit should deed one-half of the land to him, the attorney signing them, and there being some correspondence as to paying costs between the parties, but the defendant failing to sign the agreement, it was held that the writing failed to satisfy the statute of frauds. Jackson v. Stearns, 58 Or. 57, 113 Pac. 30, 37 L. R. A. (NS) 639; Ann. Cas. 1913a 284. See also: Farrin v. Matthews, 62 Or. 517, 124 Pac. 675; 41 L. R. A. (NS) 184; Phoenix Land Co. v. Exall, (Tex. Civ. App.) 159 S. W. 474; Martin v. Bateman, 111 Wash. 634, 191 Pac. 759; Lace v. Smith, 34 R. I. 1, 82 Atl. 268, Ann. Cas. 1913 E 945.

The court say in Farrin v. Matthews, supra:

"Performance of the services is all they urge. They do not pretend to have ever taken possession of the land in any sense of the word, or to have made any improvements thereon. They do not establish any condition in which an action at law on the *quantum meruit* would not completely reimburse them for their services. The case they make is one tantamount to where the supposed purchaser has only paid the purchase price and nothing more. This is not such a part performance of an oral contract to convey land as to overcome the plea of the statute."

The mere fact, as alleged, that Mecum, the plaintiff, was admitted into possession by Metz is not sufficient to take the contract out of the statute. 27 C. J. 205, 354. Our statute contains no provision allowing part performance to take an oral contract for the sale of land out of its operation. But if we may concede or assume, without deciding, that the taking of possession under an oral contract for the sale of real estate could in any case cure the invalidity

of the contract, it is sufficient to say that the alleged possession in this case does not satisfy the conditions required by the authorities applying any rule of part performance in such a case. 36 Cyc. 652-657; 26 Ency. L 2nd Ed. 50-59. The plaintiff's alleged possession was not at all exclusive, but at most only a joint possession with plaintiff of all the claims, it being alleged merely: That after the compromise of the controversy over the title, "the defendant Henry Metz admitted into possession of the said mining claims * * * the plaintiff herein, as the owner of an undivided one-third interest in and to each and all of the said mining claims. * * * That both the plaintiff and defendant Henry Metz conducted operations, numerous and divers acts of benefit to both this plaintiff and the defendant, in connection with the said mining claims and the said respective interests of each of said parties therein."

Nor does it appear that plaintiff made any improvements, and certainly not that he made any on his own account, or did anything else, so far as there is any sufficient allegation which could be considered with possession as part performance. The allegation respecting the conducting of operations is much too general; not shown at all to have been connected with possession of the land. The possession required as part performance in any case must be exclusive and notorious. 26 Ency. L. 2nd Ed. 59. It is said in Development Co. v. Thornburg, 46 W. Va. 99; 33 S. E. 108:

"And such delivery of possession must be alleged and shown to have been notorious, exclusive, and continuous. A mere technical possession, not open to the observation of the neighborhood, and capable of being proved only by select and confidential witnesses, is insufficient."

It is, indeed, at least dobutful whether the averment sufficiently shows "actual" possession of the land, or anything more than constructive possession based upon the defendant's legal title. But waiving that, plaintiff's alleged

possession must be held insufficient in and of itself to validate the contract. We conclude that the demurrer to the petition was properly sustained. The judgment will, therefore, be affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.

NOTE—See 27 C. J. pp. 205, 226, 354; 36 Cyc. 665.