## Jung's Estate.

*William R. Newgeon,* for respondent.

GEST, J., March 21, 1930.—Karoline Jung died on Nov. 14, 1927, seised of premises No. 2537 Mutter Street, which she had acquired by devise from her husband, who died in 1894.  The petitioner presented his petition to the court, under section 18 of the Fiduciaries Act, setting forth that he had been a tenant of the decedent for twenty years, paying rent therefor, and that about a year prior to her death the testatrix promised him, orally, that if the petitioner would make some repairs to the property, pay his rent regularly and remain her tenant until she died, she would devise to him said premises.  The petitioner alleged that he had so continued as tenant until her death, paid his rent, made repairs to the property and, after her death, having found that the decedent had made no will in his favor, continued to pay his rent to the executor up to November, 1928.  The petition prayed that the executor be directed to execute a deed of conveyance of the property to him and refund

the rent paid by him for the year succeeding the decedent's death. The executor and the residuary devisees, by their answers filed, denied, on information and belief, after due inquiry, the material averments in the petition. Their answers were filed respectively on Dec. 19, 1928, and Jan. 14, 1929. The petitioner filed no replication and did nothing further in the case, which was set down for hearing on petition and answer on the Argument List for March, 1930, when the learned counsel for the petitioner did not appear, and the case was argued by counsel for the respondent at the third call of the list, in accordance with Rule I, section 8.

We are all of the opinion that the petition should be dismissed. The respondents, in their answers, while stating that they have no personal knowledge concerning the allegations of the petition (which, naturally, they could not have), aver that they have made due inquiry concerning the same, of persons well acquainted with the decedent in her lifetime, and could obtain no information, and, therefore, denied, to the best of their knowledge, information and belief, the material averments of the petition. This is all that the respondents could do, and is in accordance with our decisions: Davis's Estate, 13 Phila. 407; Divinney's Estate, 19 Dist. R. 361; Beach's Equity Practice, § 339. Of course, where a case is heard on petition and answer, the responsive averments in the answer must be taken as true: Russell's Administrator's Appeal, 34 Pa. 258; Souder's Appeal, 169 Pa. 249.

We do not consider it necessary to discuss the defenses which apparently exist on the merits of the case, but merely remark that it is settled that, in order to take a parol agreement to convey land out of the Statute of Frauds, possession must be taken in pursuance of the contract. The previous possession of the tenant will not have that effect: Christy v. Barnhart, 14 Pa. 260; Tressler's Estate, 66 Pa. Superior Ct. 547. Here the petitioner remained as tenant for a year after the decedent's death and paid rent to her executor.

It also seems to us that the petitioner's remedy, if any he has, is an action at law for damages: Brown v. Hughes, 244 Pa. 397; Morrish v. Price, 293 Pa. 169.

The petition is dismissed.