## JOHNSON, ET AL. v. MAKI
(No. 1765; Nov. 21, 1932; 16 Pac. (2d) 46)

The cause was submitted for the plaintiffs in error upon the brief of *Rush L. DeNise* and *Fred W. Johnson,* both of Rock Springs, Wyoming.

For the defendant in error the cause was submitted upon the brief of *Joseph V. Galicich,* of Rock Springs, Wyoming.

BLUME, Justice.

This is an action for specific performance of an oral contract for the sale of real estate. Judgment was entered for plaintiff as prayed, and the defendants have appealed.

The court found that on or about January 20, 1919, Sam Matsala, now deceased, sold the land in dispute to the plaintiff, a sister of the deceased, under oral agreement; that at the time of this agreement, plaintiff entered into the possession of the property and has ever since been and still is in actual, open, notorious, exclusive and continuing possession; that the sum of $2000.00, the agreed purchase price, was paid to deceased during his life time; that such sum was adequate consideration for the property and that plaintiff has fully performed her part of the agreement; that the deceased died on December 20, 1923, without fully complying with his part of the agreement and without having conveyed the property to plaintiff. These findings and the conclusions of law drawn therefrom are challenged as contrary to the law and the evidence.

The great weight of authority is to the effect that possession taken pursuant to an oral contract, coupled with payment of the whole or a part of the purchase price, will remove the case from the operation of the statute of frauds and permits the contract, if just and certain, to be specifically performed. Pomeroy, Eq. Jur. (2nd Ed.) Sec. 2243; 25

R. C. L. 267-268; 58 C. J. 1004. And it is further held that "the trial judge is clothed with wide discretion in according or withholding specific performance. This necessity follows, as the judgment must depend upon the impression made by the particular circumstances of the case upon his sense of justice and equity. We naturally expect and find, therefore, opposite conclusions reached in some cases involving apparently slight differences as to the facts. But where there has been a part performance, and the lower court has decreed the complete execution of the agreement, an appellate court should not interfere, unless it appears clearly that the decision is inequitable and unjust." Mc-Ginn v. Willey, 24 Cal. App. 303, 141 Pac. 49, 52.

We do not think that it can be said in the case at bar that the judgment is not sustained by substantial evidence, or that it is inequitable or unjust. It is true that some of the testimony, particularly that of George Maki, son of plaintiff, is somewhat uncertain and confusing, yet there is ample testimony, and that of disinterested witnesses, to give substantial support to the finding of the trial court. It appears very clearly from the testimony of Miss Sturholm, a disinterested witness, that the deceased wanted to convey the property in dispute to plaintiff, for a consideration, as the witness was given to understand, then already paid and settled, namely, the sum of $2000.00, and that he was prevented from executing that design only because the bank of Superior had no blank form and because the deceased was, before he got back to the bank, accidentally killed. This is strong evidence, not often appearing in a case for specific performance, and goes far in determining, in connection with other evidence, as to whether the decree entered by the trial court is just.

It further appears from the testimony that the property was, about the time of the alleged oral contract, conveyed to the deceased by one John Lammi for the consideration of $1300.00; that at that time the plaintiff paid the deceased the sum of $800.00 on her contract, with the agree-

ment to pay the balance in the future. It further appears from the testimony of Mrs. John Lammi, a disinterested, and defendants' own witness, that the property in dispute was in fact bought by the deceased for the benefit of the plaintiff. It is accordingly contended by counsel for the plaintiff that the transaction should be construed as one in which a resulting trust accrued in plaintiff's favor; that, in other words, the property should be considered as bought with plaintiff's money, and that plaintiff's agreement to pay the purchase price over and above the sum of $800.00 should be considered as in the nature of a loan by the deceased to the plaintiff, the case, accordingly, falling within the rule of Pittock v. Pittock, 15 Idaho 426, 98 Pac. 719. The main difficulty in that connection is, however, that plaintiff claims that she agreed to pay $2000.00 for the property instead of the sum of $1300.00, the price paid to John Lammi. In fact it is somewhat hard to understand why the plaintiff, a sister of the deceased, should have agreed to pay him $700.00 more for the property than he paid for it. The circumstance is not explained by the record, and we can but conjecture the actual facts. Whatever may be the truth in that connection, however, we do not believe that this fact, if true, should deprive the plaintiff of the remedy asked herein, and the evidence that the property was actually bought for plaintiff's benefit could well be considered by the trial court as important in determining whether or not the oral agreement claimed herein should be held to be within or without the statute of frauds, particularly in connection with other evidence, some of it given by disinterested witnesses, that the property belonged to the plaintiff and that the consideration therefor, at one time due to the deceased, had been fully paid. See Brown v. Sutton, 129 U. S. 239, 9 S. Ct. 273, 32 L. Ed. 664.

While cases involving an oral contract to leave an inheritance are by some of the courts considered as a special class of cases (see e. g. Bedal v. Johnson, 37 Ida. 359, 218 Pac. 641,) the general rule appears to be in other cases that

possession, in order to take an oral contract to convey real estate out of the statute of frauds, it must be actual, notorious and exclusive. Pomeroy, supra, Sec. 2241; Mecum v. Metz, 30 Wyo. 495, 222 Pac. 574. It is claimed that the evidence in this case is insufficient on that point. Counsel for plaintiff who tried this case might well have been more careful in this connection. The point, however, seems not to have been in dispute, or seriously in dispute, in the trial below, and from the indirect testimony given, it may, we think, be plainly gathered that the plaintiff went into possession of the property in dispute pursuant to her contract and that such possession was open and well known. The main contention seems to be that, in view of the fact that the deceased lived with the plaintiff and her family, at all times occupying a room in the house, the evidence fails to show exclusive possession of the premises in dispute. The possession required is one that is exclusive of and not shared by the vendor. McGinn v. Willey, supra; Pomeroy, supra, Sec. 2241. The evidence in this case shows that the deceased paid rent to the plaintiff. He thus virtually acknowledged plaintiff to be the owner of the property, and his possession as tenant was the possession of the plaintiff. Thus it is said in Tressler's Estate, 66 Pa. Super. Ct. 547, 550: "The contract of the vendee was sustained where the evidence showed that the vendee, subsequent to the sale under a parol agreement, had, by parol, leased the premises to the vendor. Pugh v. Good, 3 W. & S. 56, [37 Am. Dec. 534.....]." And in Babcock v. Lewis, 52 Tex. Civ. App. 8, 113 S. W. 584, 585, in which the vendor and vendee both occupied the premises sold under an oral agreement, the court said: "In fact, according to his testimony and that given by the witness Bush, which seems to have been accepted by the jury, the defendant's (vendor's) possession was under contract with and subordinate to the possession of plaintiff (the vendee).. If such was the case, and the defendant occupied toward the plaintiff the relation of tenant, then the

defendant's possession was, in legal contemplation, possession by the plaintiff."

The judgment herein must accordingly be affirmed, and it is so ordered.

*Affirmed.*

KIMBALL, Ch. J., and RINER, J., concur.