Larry BUTLER and V. L. Patterson,
Appellants (Plaintiffs below),

v.

Carl McGEE and Lillie May Williams,
Appellees (Defendants below).

No. 3040.

Supreme Court of Wyoming.

July 3, 1962.

See also 363 P.2d 791.

Henry A. Burgess, Sheridan, for appellants.

R. G. Diefenderfer and E. E. Lonabaugh, Sheridan, for appellees.

Before PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This case involves an action for specific performance of an oral contract pertaining to the sale of real estate. The undisputed facts in the case are these:

On February 5, 1959, the defendant Lillie May Williams signed a deed form and left it with the Stockmen's Bank, Gillette, Wyoming, for delivery to the plaintiff V. L. Patterson upon payment of $1,800. Without question the deed covered two lots owned by Mrs. Williams in Gillette, and the purchaser was understood by her and the bank to be V. L. Patterson. Oral arrangements for sale of the lots to Patterson had been made for Mrs. Williams by Forrest E. Study. No negotiations had taken place between Mrs. Williams and Patterson.

The purchase price, according to the agreement, was to have been paid within six weeks. It remained unpaid, however, until about September 2, 1959, at which time Study went to see Patterson, at the instance of Mrs. Williams. Study testified, and Patterson did not dispute it, that Patterson did not have the money and informed Study he could do nothing about the deal.

Study thereupon negotiated a sale of the lots to the defendant Carl McGee and took a down payment of $500 from him on September 26, 1959. The transaction with McGee was finally completed on October 13, 1959, and on October 14 he recorded a duly executed deed from the previous owner, Lillie May Williams. In the meantime, Patterson claims that he "sold" the lots to the plaintiff Larry Butler by an oral agreement on October 2, 1959.

At that time, Butler and Patterson took checks, one for $1,500 and one for $800, to Smith at the bank. The checks were signed by Larry Butler and were payable to V. L. Patterson, but Patterson did not endorse them. The bank received the checks but did not deliver the deed either to Patterson or to Butler. Neither did it fill in the name of a grantee in the deed.

The evidence was conflicting with respect to the deed form left at the bank. Mrs. Williams claims that it was entirely in blank when she signed it and left it with the bank. The officer with whom it was left, William W. Smith, claims that it was completed before being signed, except that the name of the grantee was not then and has not yet been filled in. The deed itself shows that the acknowledgment was completed by the bank officer.

With respect to the bank's knowledge concerning the sale to Carl McGee, Study testified that he made the sale to McGee on Saturday, September 26, and that he told Smith at the bank on the following Monday about the lots being sold to McGee. He also claimed that he showed McGee's $500 check to Smith. Smith admitted that he had seen the check and that Study told him that he had a sale for the lots. Smith claimed, however, that his instructions were to deliver the deed to Patterson and that he refused to turn it over to Study.

Larry Butler and V. L. Patterson, as plaintiffs, sued Carl McGee and Lillie May Williams, as defendants, in the district court, asking that Mrs. Williams be required to specifically perform her agreement and that McGee be required to reconvey his interest in the premises. The trial court found against plaintiffs and rendered judgment in favor of McGee and Mrs. Williams. The questions presented for our determination by the instant appeal are these:

1. Was the deed executed by the defendant Mrs. Williams and left with the bank a valid instrument even though the name of the grantee was left blank and never delivered?

2. Is the statute of frauds a bar to plaintiffs' recovery?

3. Was defendant McGee a bona fide purchaser under the statute?

Our answer to the second of the foregoing questions is in the affirmative. This renders an answer to the other two questions unnecessary.

■ The first question admits, and indeed the evidence on the subject is conclusive, that the deed was never delivered. It is axiomatic that delivery of any deed is necessary for its validity. 16 Am.Jur., Deeds, § 111, p. 499; 26 C.J.S. Deeds § 40, pp. 670–673. If the deed left by Mrs. Williams with the bank was invalid, whether for incomplete execution or for lack of delivery, and if the statute of frauds is a bar to plaintiffs' action, then their action fails and it matters not whether McGee was or was not a bona fide purchaser.

In explanation of our reasons for saying that the statute of frauds is a bar to plaintiffs' recovery, we call attention first of all to the provisions of § 16–1, W.S.1957. Here it is specified that every agreement or contract for the sale of real estate shall be void unless such agreement, or some note or memorandum thereof, be in writing and subscribed by the party to be charged therewith.

The appellants, Butler and Patterson, recognize that there was no agreement or note or memorandum in the instant case signed by the owner, Mrs. Williams. They rely, however, on the holding in Johnson v. Maki, 45 Wyo. 113, 16 P.2d 46, 47, to the effect that possession taken pursuant to an oral contract, coupled with payment of the whole or a part of the purchase price, will remove the case from the operation of the statute of frauds and permit the contract, if just and certain, to be specifically performed.

We cannot help being impressed with the fact that appellants' position presupposes that both the taking of possession and the payment of the purchase price by the vendee were established beyond the possibility of findings to the contrary. It is true that Larry Butler had some dirt hauled onto the lots and some sewer and water outlets installed, but this was done without the knowledge or consent of the owner. On the basis of that evidence, the court would have been justified in considering Butler a mere trespasser and not a purchaser in possession.

Concerning payment, it is true that checks were left with the bank after the escrowee had reason to believe that the property had been resold. Even the plaintiffs' own evidence indicates that the money was only conditionally delivered, and so it appears that the bank sat tight and held both the deed and the money. Meanwhile, Butler went to check on the title, and according to his testimony he *intended to accept* the deed if Mrs. Williams remedied all the defects in title. This would justify an inference that the deed was not accepted by unconditional payment. No doubt the district court considered this evidence insufficient as far as proof of payment was concerned.

As to whether the contract was just and certain, the evidence is uncontradicted that the agreement as made called for payment of the purchase price within six weeks, and further that after approximately seven months the vendee had declared that he could not complete the transaction. This situation would amply justify the court in concluding that no "certain" contract of purchase existed at the time Patterson and Butler took checks to the bank. Moreover, it would not be "just" to hold the vendor indefinitely bound to a contract, when the vendee had not and could not perform his obligation.

■ The rule announced in the Johnson case, upon which the appellants rely, is based upon the proposition that an oral contract may be specifically enforced where there has been such partial performance as to take it out of the operation of the statute of frauds or to render application of the statute unfair and inequitable. See Randall v. Tracy Collins Trust Company, 6 Utah 2d 18, 305 P.2d 480, 484; and Smith v. Mills, 207 Or. 546, 296 P.2d 481, 485, 298 P.2d 185.

■ However, in order for the possession to be sufficient as a part performance of an oral contract, the acts constituting performance must be referable solely to the contract sought to be enforced, and not such as might have been referable to

some other or different contract. Griggs v. Oak, 164 Neb. 296, 82 N.W.2d 410, 414; Nybladh v. Peoples State Bank of Warren, 247 Minn. 88, 76 N.W.2d 492, 498; 37 C.J.S. Frauds, Statute of § 252, pp. 767–768; 81 C.J.S. Specific Performance § 59, pp. 545, 549, and 550. Even if Butler's acts were considered sufficient to constitute the taking of possession, such acts were referable to an oral contract with Patterson and not solely to the alleged contract between Patterson and Mrs. Williams.

The possession by the vendee, relied upon as a part performance of a parol contract for the sale of land, must have been delivered by the vendor, or taken by the vendee with the knowledge and consent or acquiescence of the vendor. Annotation, 101 A.L.R. 923, 1045. Or, as stated in 81 C.J.S. Specific Performance § 59, p. 548, the taking of possession, in order to be sufficient as part performance of an oral contract, must be with the knowledge and consent of the promisor. We have already called attention to the fact that Butler's acts in the case before us were taken without the knowledge or consent of Mrs. Williams.

If there should remain any doubt as to the insufficiency of the alleged possession in this case to satisfy the conditions required for the rule of part performance, we can add that such possession must be taken at, or immediately after, the time the contract was made, and must be visible, notorious, exclusive, continuous and maintained. Mecum v. Metz, 30 Wyo. 495, 222 P. 574, 577; Id., 32 Wyo. 79, 229 P. 1105; 37 C.J.S. Frauds, Statute of § 252, p. 768. The alleged possession of Larry Butler eight months after the time the contract was made would not satisfy this requirement.

The judgment of the district court should be and it is affirmed.

Affirmed.

BLUME, C. J., not participating.