**Gail FLEMING, Appellant (Defendant below),**

v.

**Jack E. GOGGINS, Appellee (Plaintiff below).**

**No. 3075.**

Supreme Court of Wyoming.

Nov. 5, 1962.

J. Byron McHale and John D. Flitner, Greybull, for appellant.

John O. Callahan, Basin, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The District Court of Big Horn County awarded judgment for $3,000 less $250 al-

lowed on a counterclaim, in favor of Jack E. Goggins, plaintiff, and against Gail Fleming, defendant, for the loss of corn silage belonging to plaintiff. The loss was found to have been caused by the acts of defendant-Fleming. He has appealed.

It is admitted that the silage in question was grown, harvested and stored by Goggins upon a portion of 800 acres of land in Big Horn County, which had been leased from W. A. Davenport. There is no dispute of the fact that half of the consideration for the Davenport lease had been furnished by Goggins through the delivery of 100 ewes to Davenport. The lease was originally prepared by Fleming's attorney with both Goggins and Fleming named as lessees. Subsequently, however, Goggins' name was deleted and the lease was executed by Fleming only as lessee. Goggins claimed that this was done for Fleming's convenience in connection with a loan and without authorization by Goggins.

Later on, Goggins used a portion of the leased premises for the raising of crops and feeding of livestock. Fleming testified that he had a verbal agreement with Goggins that "I was to let him use the place part of the time." The testimony of Goggins in that regard was that the two men had an oral agreement to separate the place fifty-fifty; that each was to use half but Fleming was to have the added privilege of living on the premises; and that for such added privilege Fleming was to watch after any livestock which Goggins had on the place.

Whatever the arrangement may have been, it appears from the evidence that Goggins did occupy and use a portion of the land with livestock and that he also planted and raised corn on about 80 acres. When the corn was harvested, it was made into silage and stored in pits on the ranch. According to Goggins, there was a total of approximately 1,000 tons, about half of which he fed to his own livestock. He claims that he intended to use his portion of the place for lambing in the spring and also intended to feed the remaining 500 tons of silage to his sheep.

The evidence shows that prior to lambing time Fleming put a padlock on the place. As a result, Goggins claims, he was not able to reenter and was compelled to buy other feed and to make arrangements for another place for lambing. It is not entirely clear what the reasons for Fleming's actions were. Also, the evidence is in conflict as to whether Goggins attempted to gain access to the place and to make use of his silage.

There was nevertheless ample testimony to justify a finding that Goggins did attempt to gain access to the place and to make use of his silage and that Fleming prevented both. Goggins testified to several conversations with Fleming in which he demanded and was refused access to the premises and feed. He also served a written demand upon Fleming which was not honored. In addition, attempts to enter were made by Goggins and his employees, and each time entry was barred or prevented by Fleming. This testimony warranted a conclusion that Goggins was purposely and intentionally kept from the premises and from the silage by actions of defendant-Fleming. There was also testimony that Goggins sent men with trucks to haul out the feed and that Fleming refused to let them on the place to get the feed.

With respect to the damages suffered by Goggins as a result of the actions of Fleming, not only did Goggins buy feed to replace the silage, in amounts sufficient to support the judgment, but he testified that 500 tons of silage was left on the place; that the silage was worth $6 per ton; and that the silage rotted and became worthless because it could not be fed or removed. The amount of damages is not challenged on appeal, and we will not therefore disturb the award as far as amount is concerned.

Defendant-Fleming freely admits by his answer and in his testimony that Goggins planted 80 acres of corn on the leased premises and that defendant claimed no interest in the silage which remained on the place. Also, his attorney stated in oral argument that Fleming does not deny that the silage belonged to Goggins. We find

nothing in appellant's statement of points or brief which would suggest any fair or equitable justification for Fleming's actions in barring Goggins from access to his property.

Instead, the grounds of appeal seem to be based entirely on asserted legal axioms, which we consider irrelevant to the issues involved. For example, Fleming's summary of points includes (1) that plaintiff is barred from asserting any interest in the Davenport farm lease or in any real property by reason of the statute of frauds, and (2) that the trial court erred in not finding that plaintiff was a tenant at sufferance.

■ As long as it is admitted that Goggins planted, grew and harvested the corn and that the silage was his, it is immaterial whether he had any interest in the Davenport lease. Let it be remembered that the silage when harvested and stored was personal property and not real estate as counsel for Fleming seem to suppose. See Hamilton v. Rock, 121 Mont. 245, 191 P.2d 663, 667; Silveira v. Ohm, 33 Cal.2d 272, 201 P.2d 387, 390; and Balla v. Ireland, 183 Or. 663, 196 P.2d 445, 449.

■ Even if we were to accept appellant's theory, for purposes of this decision, that Goggins should be considered as a tenant at sufferance, we still would not be able to deny his right to the silage in question. The produce gathered by a tenant holding over or by a tenant at will or by a tenant at sufferance during his tenancy belongs to him, and he has a right to enter and take the crops after termination of his tenancy. Hemberger v. Hagemann, 120 Colo. 431, 210 P.2d 995, 997, 998, and 999; Smith v. Dairymen's League Co-op. Ass'n, 186 Misc. 82, 58 N.Y.S.2d 376, 380–381, affirmed (Smith v. Hungerford and Dairymen's League Cooperative Association, Inc. et al.) 270 App. Div. 1071, 63 N.Y.S.2d 691; 51 C.J.S. Landlord and Tenant § 348, p. 1036.

■ It is of course apparent that, regardless of whether Goggins was a tenant at sufferance or for a fixed term, the corn was gathered, converted into silage and stored on the premises during his tenancy. Thus, it is clear that even if Goggins were considered a tenant at sufferance, as contended by appellant, the judgment of the district court would still be proper.

Both parties agree that there was a verbal agreement between them under which Goggins had the right either to use the place part of the time or to use part of the place during the entire lease term. For purposes of this appeal, we will assume that appellee's testimony on that subject was accepted by the court and that the oral agreement authorized Goggins to use his part of the land during the entire lease term.

■ In view of the fact that Goggins had paid the full consideration for his tenancy and that he had gone into possession, neither of which is denied by Fleming, it cannot be said that the verbal agreement between the parties themselves with respect to use of the premises would be void by reason of the statute of frauds. Johnson v. Maki, 45 Wyo. 113, 16 P.2d 46, 47. See also Butler v. McGee, Wyo., 373 P.2d 595, 597. The existence of this verbal agreement is an added reason for our saying that it is immaterial whether Goggins did or did not have an interest in the Davenport lease.

The only additional grounds asserted for a reversal of the judgment here involved have to do with the sufficiency and the credibility of evidence. These grounds are numbered 3 to 6, inclusive, in appellant's brief, and as we understand them, they include the following contentions: (3) The court erred in finding that plaintiff was refused access to silage when needed; (4) the testimony of plaintiff was such as to lend question to its credibility; (5) there was no proof that conversations which were testified to, between defendant and employees of plaintiff, were binding upon defendant since there was no proof that the employees acted as agents for plaintiff; and (6) the court erred in not finding that plaintiff failed to use due diligence to secure possession of the silage.

Without discussing these contentions separately and in detail, it is sufficient to say that the evidence already referred to in our previous statement of the case was sufficient to support the findings of the trial court and the judgment in favor of Goggins. The trial judge was of course the sole judge of the credibility of witnesses and their testimony. See Eblen v. Eblen, 68 Wyo. 353, 234 P.2d 434, 437 and 441.

We fail to find merit in any of the contentions advanced by appellant-Fleming, and accordingly we must affirm the judgment appealed from.

Affirmed.