METROPOLITAN TRUST COMPANY OF THE CITY OF NEW YORK, as Trustee under a Mortgage Executed by the ISLAND CITIES REAL ESTATE COMPANY, Respondent, *v.* STATE BOARD OF TAX COMMISSIONERS, Appellant, Impleaded with Another.

Submission of controversy by board or officer, when unauthorized — if judgment rendered therein affects state funds it is unauthorized and submission should be dismissed.

1. No board or officer may, under section 1279 of the Code of Civil Procedure, submit a controversy to the courts which might result in a money judgment against the state, where the state may not itself be sued.

2. Where a controversy, whether a certain instrument was a mortgage and whether the mortgage recording tax paid thereon, under protest, was properly assessed and collected, was submitted to the Appellate Division by the taxpayer, the state board of tax commissioners and the county clerk of the county in which the question arose, and that court adjudged that the tax should be refunded, the tax having meanwhile been paid, such judgment in so far as it affects state funds is unauthorized.

3. The determination on such submission that the instrument in question is not subject to a mortgage tax cannot result in any effective judgment.

*Metropolitan Trust Co.* v. *Tax Comrs.*, 172 App. Div. 653, reversed.

(Argued March 2, 1917; decided March 20, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered September 11, 1916, in favor of plaintiff upon the submission of a controversy pursuant to section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Egburt E. Woodbury,* Attorney-General (*E. C. Aiken* and *Franklin Kennedy* of counsel), for appellant.

*Edwin DeT. Bechtel* for respondent.

ANDREWS, J.    The county clerk of Queens county, under the direction of the state board of tax commissioners, made claim that a certain instrument, recorded in his office by the Metropolitan Trust Company of the city of New York, was a mortgage within the meaning of article XI of the Tax Law, and that a recording tax was due thereon.    This tax the trust company paid under protest.

Some months later, on October 24, 1914, the trustee, the state board of tax commissioners, through its secretary, and the county clerk, agreed upon a case containing a statement of the facts concerning the instrument in question and presented a written submission thereof to the Appellate Division.    It was said that the controversy submitted is whether, under the facts stated, the mortgage tax was properly assessed and collected, and " the parties agree that the court shall render such judgment as shall be proper upon the above facts."

Thereupon the Appellate Division ordered and adjudged that the assessment was improper; that the payment of the tax was made under protest to the county clerk, and that the amount so paid should be refunded by the defendants to the plaintiff.    The board of tax commissioners appeal from such judgment and order to this court.

Section 261 of the Tax Law provides that on the first day of each month the recording officer of Queens county shall pay over to the chamberlain of the city of New York all moneys received during the preceding month on account of mortgage taxes, and that the chamberlain on the first day of January, April, July and October in each year shall transmit one-half of the amount so received to the state treasurer and pay the remaining half into the general fund of the city of New York.

Therefore, when the submission was made the proceeds of this tax were in part held by the state treasurer, in part mingled with the general fund of the city of New York.    The effect of the submission was to permit a judgment, not against the tax commissioners individually,

but one payable either from moneys held by them officially for the state or from funds held by the state treasurer. Such a judgment was actually rendered.

No action may be brought against the state directly or indirectly save by its consent. No board or officer may submit a controversy to the courts which might result in a money judgment against the state, where the state may not itself be sued. Therefore, the judgment of the Appellate Division in so far as its affects state funds is unauthorized.

There remains the provision of the judgment that the instrument in question is not subject to the mortgage tax, and that no such tax should have been assessed and collected against it. It has been held, however, that section 1279 of the Code of Civil Procedure, providing for the submission of a controversy, authorized such submission only where the differences between the parties might be the subject of an action, and that as the court is not authorized to answer abstract questions of law, a submission of the facts upon which a judgment cannot be rendered is unauthorized and the submission must be dismissed. (*Woodruff* v. *People*, 193 N. Y. 560; *Hanrahan* v. *Terminal Station Commission, Buffalo,* 206 N. Y. 494.)

If an action might not be brought against the tax commissioners the result of the submission so far as they are concerned would be the determination by the court of this question of law. It would not result in any effective judgment. At most it would be a guide to their action in future cases where the action of the taxing officer was before them for review.

The judgment and order of the Appellate Division should be reversed and the case on the submitted controversy should be dismissed, without costs.

HISCOCK, Ch. J., CHASE, CUDDEBACK, HOGAN and POUND, JJ., concur; McLAUGHLIN, J., not sitting.

Judgment and order reversed, etc.