## ROSE GORDAN
vs.
## CITY OF NEW HAVEN, ET ALS.

Present:   Hon. PATRICK B. O'SULLIVAN, Judge.

| | | |
|---|---|---|
| Superior Court | New Haven County | File #49630 |
| Nelson Harris, | Attorney for the Plaintiff. | |
| D. L. O'Neill;<br>Corporation Counsel, | Attorneys for the Defendants. | |

### MEMORANDUM FILED SEPTEMBER 28, 1937.

O'SULLIVAN, J.   In this action brought against the City of New Haven, the Connecticut Savings Bank, and G. Goldberg, judgment was entered for the defendants.   Without giving notice to his co-defendants, Goldberg caused his costs to be taxed and these were paid by the plaintiff.   Some time later, each of the other defendants requested the clerk to tax its costs, but this, the clerk refused to do, and from this refusal each has appealed.

**Section 213 of the Practice Book** permits an appeal from the taxation of any bill of costs, and this is the only reference in either the statutes or rules as to procedure available to an ag-

grieved party. This does not mean that one may not directly petition the court to order the clerk to perform some act required by law. But the instant procedure is not of this character. It is an effort to invoke the power of a rule permitting an appeal from the taxation of a bill of costs actually made, although the facts demonstrate that the instant appeal is based, not upon what the clerk did, but rather upon what he did not do.

Ordinarily, this technical position might well be ignored, because these appellants could address a petition directly to the Court, complaining of the refusal of the clerk to comply with his duties. Should this occur, we would be confronted eventually with the question which the instant inappropriate procedure has attempted to raise, namely, whether each defendant is entitled to its costs or any part of them.

Unfortunately, the term of court at which the judgment was rendered has been adjourned without date. If the present appeal is dismissed, as it should be in conformity with the rule, a serious problem will first demand attention concerning itself with the power of the court to entertain the petition after a new term has commenced.

For these reasons, it is deemed inadvisable to answer the main question until the procedural niceties have been ironed out.

The appeal is dismissed.