CHRISTOS P. NICHOLOULIAS, Plaintiff, *v.* REGENT RESTAURANT, INC., and Others, and COMPTROLLER OF THE STATE OF NEW YORK, INDUSTRIAL COMMISSIONER, COMMISSIONER OF TAXATION AND FINANCE, Defendants.

Supreme Court Special Term, Albany County. December 30. 1940.

*Arthur J. Harvey*, for the plaintiff.

*John J. Bennett, Jr.*, Attorney-General [*W. Gerard Ryan, Assistant Attorney-General*, of counsel], for the defendants Comptroller of the State of New York, Industrial Commissioner and Commissioner of Taxation and Finance.

BERGAN, J. The principle of law that the sovereign's immunity from suits without its consent extends to its public officers in any action to enforce an obligation of the sovereign is too well integrated in the law of this State to admit of deviation. (*Matter of Hoople*, 179 N. Y. 308, 311; *People* v. *Dennison*, 84 id. 272; *Lewis* v. *State*, 96 id. 71; *Locke* v. *State*, 140 id. 480.) The immunity extends even to a counterclaim in an action maintained by the State (*People* v. *Dennison, supra*) and to a controversy submitted by the State which might result in a judgment against it. (*Metropolitan Trust Co.* v. *State Board of Tax Commissioners*, 220 N. Y. 344.) A legislative permission must be strictly followed. (*Gates* v. *State*, 128 N. Y. 221.)

The Comptroller is charged with the ministerial duty of paying the refund due on cancellation of a ·liquor license to the person entitled, after certain deductions, to such money. (Alcoholic Bev. Control Law, § 127.) That obligation arises when a clear legal right is shown to the money, and it is then enforcible by mandamus under the 78th article of the Civil Practice Act. The Comptroller is not a proper party to an action the purpose of which is to adjudicate conflicting rights. Liberal though the practice is, I think there is no authority to sue the Comptroller in an equitable suit to settle conflicting claims. " The Comptroller cannot be sued except in mandamus." (*Durant* v. *Whedon*, 201 App. Div. 196, 200, citing *Spa Baths Co.* v *Board of Comrs. of State Reservation*, 98 Misc. 399.)

When the right to the fund is established by the decree in this suit, it will become the duty of the Comptroller to pay the money to that party adjudicated to be the owner of it, less the claims

made by the defendants Industrial Commissioner and Commissioner of Taxation and Finance. Payment may be enforced if then refused.

The claims of the Industrial Commissioner and the Commissioner of Taxation and Finance cannot be adjudicated by action or by this suit in equity under the same principles. Certainly neither would be required to respond to the suit of a private citizen for the adjudication of a tax controversy. The successful party here may by appropriate steps be placed in the position of the taxpayer, or may require the taxpayer itself to proceed to protest or review the claims of the State in the same manner and under the same conditions as those applying to any other claimant similarly situated.

The motion of the moving defendants granted, without costs. Submit order.