364 P.2d 853

**STATE of New Mexico ex rel. STATE HIGHWAY COMMISSION OF NEW MEXICO, Plaintiff-Appellee,**

**v.**

**TOWN OF GRANTS, New Mexico, Defendant-Appellant.**

**No. 6839.**

Supreme Court of New Mexico.

Sept. 14, 1961.

Chavez & Cowper, Belen, for appellant.

Fred M. Standley, Joseph L. Droege, Special Asst. Attys. Gen., for appellee.

MOISE, Justice.

Upon remand of this case after a previous appeal (State of New Mexico ex rel. State Highway Commission v. Town of Grants, 66 N.M. 355, 348 P.2d 274) defendant, Town of Grants, filed its answer to the plaintiff's complaint, and a counterclaim and set off against plaintiff. The allegations of the complaint are set forth in our previous opinion. By the counterclaim defendant alleged that plaintiff had destroyed water pipes, sewer pipes and other facilities owned and managed by it for the benefit of the public, which pipes and facilities lay under U. S. Highway 66 within the boundaries of defendant town; that the same were of a reasonable value of $40,000; that plaintiff was negligent in failing to determine the location of the lines before tearing up the highway and in the manner of their removal so that their destruction could have been avoided; that the pipes and facilities were converted to the use of plaintiff, and that defendant should have a set off or counterclaim of $40,000, but in no event in an amount greater than plaintiff might recover in its action.

The State moved to strike the counterclaim and set off for the stated reason that it involves a suit against the State and the State is immune from suit. After hearing, the court sustained the motion. This appeal followed.

The single issue presented by the appeal is whether a claim stated as a counterclaim and arising out of the same transaction or occurrence that is the subject matter of the main action wherein the plaintiff is the State, is a suit against the State from which it is immune, or whether in a suit by the State it is subject to a defense in the nature of a recoupment.

The defendant, while in no way questioning the immunity from suit enjoyed by the State in most circumstances as it has been frequently announced by this court (Dougherty v. Vidal, 37 N.M. 256, 21 P.2d 90; Arnold v. State, 48 N.M. 596, 154 P.2d

257; Vigil v. Penitentiary of New Mexico, 52 N.M. 224, 195 P.2d 1014; Maes v. Old Lincoln County Memorial Commission, 64 N.M. 475, 330 P.2d 556, to mention only a few) argues that the public policy considerations upon which the rule is predicated are absent in situations such as are here present and accordingly a different rule should be applied. It is argued that to permit a counterclaim as undertaken in the instant case could in no sense subject the State to litigation at the whim of every person, and neither is the State exposed to an affirmative judgment.

In those courts which have considered the problem there is a very definite split. It may be that the majority of jurisdictions hold that where suit is instituted by the sovereign, it thereby waives its immunity to counterclaims growing out of the same transaction at least to the amount of any recovery made in the main suit. State v. Arkansas Brick & Mfg. Co., 98 Ark. 125, 135 S.W. 843, 33 L.R.A.,N.S., 376; State v. Hartford Accident & Indemnity Co., 136 Conn. 157, 70 A.2d 109; Commonwealth v. Barker, 126 Ky. 200, 103 S.W. 303; State v. Schurz, 143 Minn. 718, 173 N.W. 408; State v. Portsmouth Sav. Bank, 106 Ind. 435, 7 N.E. 379; Commonwealth v. Berks County, 364 Pa. 447, 72 A.2d 129; State, by Davis v. Ruthbell Coal Co., 133 W.Va. 319, 56 S.E.2d 549; Commonwealth of Massachusetts v. Davis, Tex.Civ.App., 160 S.W.

2d 543. On the other side, holding that suit cannot be maintained, we find State v. F. W. Fitch Co., 236 Iowa 208, 17 N.W.2d 380; Scates v. Board of Commissioners of Union City, 196 Tenn. 274, 265 S.W.2d 563; State v. Gill, 259 Ala. 177, 66 So.2d 141; State v. Owen, 41 A.2d 809, 23 N.J.Misc. 123; Nicholoulias v. Regent Restaurant, Inc., 175 Misc. 526, 25 N.Y.S.2d 181; Adams v. District of Columbia, D.C.Mun. App., 122 A.2d 765; Annotation in 42 A.L. R. 1464, 1480; 50 A.L.R. 1408.

It is not necessary for us to express any opinion generally on the question of whether or not in a suit by the state against an individual, the State will be considered to have waived its immunity so as to permit a countersuit in an amount not to exceed the recovery by the State. That there might be some question concerning it would seem to be implicit in this court's holding in Summerford v. Board of Com'rs of Dona Ana County, 35 N.M. 374, 298 P. 410. However, the decision in that case is something less than clear-cut on the issues there involved, and we here expressly refrain from stating our views on the problem. Note is also taken of our decision in City of Albuquerque v. Campbell, 68 N.M. 75, 358 P.2d 698, which was a case of an appeal from an order of dismissal of a counterclaim, although this does not appear in the opinion. Likewise, the question of waiver of immunity, except under the statute there interpreted,

was not raised. Also, see note in 2 A.L.R. 2d 677.

In order to resolve the problem here presented, we would first call attention to the fact that we are committed to a rule of strict construction of statutes authorizing suits against the state. We so held in Dougherty v. Vidal, supra, from which we quote the following pertinent language:

"Both legally and practically we consider the state's immunity from suit too important a matter to be trifled with. 'A sovereign is exempt from suit, not because of any formal conception of obsolete theory, but on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends.' Mr. Justice Holmes, in Kawananakoa v. Polyblank, 205 U.S. 349, 27 S.Ct. 526, 527, 51 L.Ed. 834. The Legislature, not to mention the courts, should proceed slowly and with caution in subjecting the state itself to the exigencies of litigation. Langford v. U. S., 101 U.S. (11 Otto) 341, 25 L.Ed. 1010.

"Moreover, a question of jurisdiction arises. This court is the creature of the sovereign state. It can have no natural or presumptive jurisdiction over its creator. Such jurisdiction as we have over the state we must trace to the Constitution or to that branch of government which declares the state's public policy. In the absence of plain consent to entertain a suit against the

state is judicial usurpation." [37 N.M. 256, 21 P.2d 92.]

See also Arnold v. State, supra; In re Bogert's Will, 64 N.M. 438, 329 P.2d 1023.

An examination of our later decisions will demonstrate that we have never departed from the position as expressed above. See Livingston v. Regents of New Mexico College of Agriculture and Mechanic Arts, 64 N.M. 306, 328 P.2d 78, and Maes v. Old Lincoln County Memorial Commission, supra, being two of our last pronouncements on the subject.

In our previous opinion in this case, mentioned supra, we cited and quoted from City of Chadron v. State, 115 Neb. 650, 214 N.W. 297, 215 N.W. 137. The similarity between that case and this was there pointed out. A difference existing between the two cases and not previously noted lies in the fact, as pointed out at the very outset of the opinion in the Nebraska case, that since the state was immune from suit, the action had been authorized by legislative act. Any such authorization is here absent.

Defendant points to our statement in our earlier decision in this case to the effect that it "should plead by answer or counterclaim" any contentions it desired to make concerning damage suffered by it and the duty of the state to replace or compensate defendant for the same. The most that can

be said for the language is that it was obiter dictum not necessary to a decision of the issues there present. However, we feel defendant has misconstrued the language. It was not intended as a holding that a counterclaim could be filed—rather it merely indicated that the issue could be raised in a later pleading such as an answer or counterclaim, if otherwise proper. We now conclude, the question having been directly raised, that the state being immune under the facts here present, it could not be done by counterclaim.

However, this does not dispose of the matter. § 21–1–1(8) (c), N.M.S.A.1953, provides that "when a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court * * * shall treat the pleading as if there had been a proper designation." In our view of the situation this rule is here applicable. Defendant seeks no affirmative relief. It, in effect, is attempting by way of defense to recoup as against any amounts that plaintiff might be entitled to recover, damages which it was made to suffer by plaintiff's alleged wrongful acts and conduct in the premises. To permit it to do so would seem to be no more than simple justice; to deny it the right would be grossly inequitable. No one would assert that in an action by the sovereign, valid legal defenses should be denied the defendant. Affirmative defenses such as the defendant in effect here asserts may be pleaded and defendant would be entitled to the benefit of the same if proved. We perceive of no considerations of sovereign immunity which would dictate any contrary holding. There is respectable authority which, while denying the right to counterclaim against the sovereign, recognizes that defenses of recoupment are permissible. Commonwealth v. Berks County, supra; Mullins Hospital v. Squires, 233 S.C. 186, 104 S.E.2d 161; Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, 1425; In re Monongahela Rye Liquors, 3 Cir., 141 F.2d 864; United States v. Laney, D.C., 96 F.Supp. 482; L. W. Foster Sportswear Co., Inc. v. United States, D.C., 145 F.Supp. 148; State v. Weatherby, 344 Mo. 848, 129 S.W.2d 887; The Fort Fetterman v. South Carolina State Highway Department, 4 Cir., 261 F.2d 563; State v. Arkansas Brick & Mfg. Co., supra. See note in 36 Harv.L.R. 871.

While not receding from the rule of sovereign immunity as heretofore announced by the court, it is our conclusion that the facts attempted to be pleaded by defendant and denominated a counterclaim, are a defense to the suit of plaintiff, and accordingly should have been allowed. Sachs v. Sachs, 3 Cir., 265 F.2d 31; Ettelson v. Metropolitan Life Ins. Co., 3 Cir., 164 F.2d 660.

It follows that although no counterclaim could properly be asserted, the court should

**150**

have considered the pleading here as a defense (§ 21–1–1(8) (c), N.M.S.A.1953) and that it erred in sustaining the motion to dismiss.

The cause is reversed and remanded with instructions to the trial court to proceed with the cause in a manner not inconsistent herewith.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.

CHAVEZ and NOBLE, JJ., not participating.