STATE OF CONNECTICUT *v.* WALTER P. CRABTREE, JR.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 162896

Memorandum filed July 7, 1975

*Robert K. Killian,* attorney general, and *William J. White,* assistant attorney general, for the plaintiff.

*Cooney, Scully & Dowling,* for the defendant.

O'BRIEN, J. Upon the refusal of the clerk of this court to tax costs for the defendant in the amount of $125, he has filed the instant appeal. Although it has been held that no appeal lies from such a refusal; *Rose Gordan* v. *New Haven,* 5 Conn. Sup. 292; it would appear in the instant case that a

determination has been entered in the file denying the costs as claimed by the defendant. Such a denial under the circumstances gave the defendant the right to appeal from the denial in toto of his costs as well as from a partial denial thereof.

The statute giving a right to costs in general terms will not be construed to include an award against the state. The state is vested with immunity from legal process, mesne or final, which at common law belongs to the king, and there would be no power in the court to enforce its decree. *State* v. *Anderson,* 82 Conn. 392, 394.

The state cannot be sued without its consent. The state is not included under general words in a statute and pays no costs. *State* v. *Shelton,* 47 Conn. 400, 405.

The state cannot be made a party defendant without its consent, but if the state itself invokes the jurisdiction of the court to secure affirmative relief, it subjects itself to any proper cross demand involved in the subject matter of the action. *Reilly* v. *State,* 119 Conn. 217, 219. In *State* v. *Hartford Accident & Indemnity Co.,* 136 Conn. 157, 160 n., it was noted that special authority to sue the state (in a counterclaim to a contract action) was unnecessary because if the state invokes the jurisdiction of the court to secure affirmative relief, it subjects itself to any proper cross complaint.

It was held in *Winchester* v. *Cox,* 129 Conn. 106, 113, that when the state comes into court it subjects itself to the jurisdiction of the court. The court may determine where the equities lie and the state is bound by its decree. In bringing the matter of the award of damages for the taking of lands in question into court the highway commissioner was the representative of the state and his acts were

in effect its acts.   See cases cited; see also note, "The Bringing and Settling of Claims Against the State," 31 Conn. B.J. 125, 126.

If the institution of the suit seeking affirmative relief by the state waives its right not to be sued in a counterclaim and subjects it to damages, a fortiori it should also be considered to have waived its right to immunity from costs.

The appeal of the defendant from the denial of costs is therefore sustained.