(659 P.2d 836)
No. 54,791

STATE OF KANSAS, BOARD OF REGENTS and THE UNIVERSITY OF KANSAS MEDICAL CENTER, *Appellees*, v. EDITH F. HOLT, Deceased, and FRED HOLT, *Appellant*.

Opinion filed March 10, 1983.

*Donald W. Vasos*, of Vasos, Kugler & Dickerson, of Kansas City, for appellant.

*Steven L. Ruddick*, special assistant attorney general, and *Robert T. Stephan*, attorney general, for appellees.

Before REES, P.J., SPENCER and PARKS, JJ.

REES, J.: By its timely filed petition, the University of Kansas Medical Center sought recovery on an open account for medical and hospital services rendered to defendant Edith Holt (Edith). Defendant Fred Holt (Fred) responded alleging a wrongful death claim in defense. He alleged he is an heir of Edith, who died as the result of plaintiff's negligence in the rendition of the services for which plaintiff seeks recovery. The answer was filed more than two years after Edith's death.

Setting aside all procedural questions, the case comes before us on an appeal by Fred from a trial court decision that because of the governmental immunity afforded plaintiff by K.S.A. 46-901 (Weeks), then in effect, Fred's wrongful death claim is not an available defense to plaintiff's claim. The sole issue for our resolution is whether a claim for relief belonging to a party having governmental immunity is subject to a setoff or recoupment defense founded on a claim arising out of the same transaction.

It appears the general rule applied in foreign jurisdictions is

that a defendant who has a claim that is unenforceable because of governmental immunity may assert it by way of setoff or recoupment if the claim arises out of the same transaction giving rise to the claim upon which the defendant is sued. *State v. Arkansas Brick & Mfg. Co.,* 98 Ark. 125, 128-29, 135 S.W. 843 (1911); *State v. Crabtree,* 32 Conn. Supp. 322, 323, 353 A.2d 796 (1975); *State v. Schurz,* 143 Minn. 218, 220, 173 N.W. 408 (1919); *State v. Weatherby,* 344 Mo. 848, 859-60, 129 S.W.2d 887 (1939); *State v. Town of Grants,* 69 N.M. 145, 149, 364 P.2d 853 (1961); *The State v. Franklin Bank of Columbus,* 10 Ohio *91, 100 (1840); *Edwards v. Dept. of Public Welfare,* 34 Pa. Commw. Ct. 622, 627, 384 A.2d 293 (1978); *Mullins Hospital v. Squires,* 233 S.C. 186, 197-98, 104 S.E.2d 161 (1958); *State v. Martin,* 347 S.W.2d 809, 814 (Tex. Civ. App. 1961). See generally 20 Am. Jur. 2d, Counterclaim, Recoupment and Setoff § 103. We are referred to and find no like Kansas case authority and we fail to find Kansas case authority to the contrary. We perceive no contrary judicial trend in other jurisdictions.

The running of the statute of limitations period will not preclude a defendant from asserting an otherwise meritorious claim by way of setoff or recoupment to the extent of the plaintiff's claim so long as the claims co-existed. *Belger Cartage Serv., Inc. v. Holland Constr. Co.,* 224 Kan. 320, 331-32, 582 P.2d 1111 (1978); *Lightcap v. Mobil Oil Corporation,* 221 Kan. 448, 463-64, 562 P.2d 1, *cert. denied* 434 U.S. 876 (1977); *Waechter v. Amoco Production Co.,* 217 Kan. 489, 517-21, 537 P.2d 228 (1975), *aff'd on reh.* 219 Kan. 41, 546 P.2d 1320 (1976); *Rochester American Ins. Co. v. Cassell Truck Lines,* 195 Kan. 51, 57, 402 P.2d 782 (1965). For the purpose of asserting the claim as a "shield," we find no valid reason to distinguish between a claim barred by the statute of limitations and one barred by governmental immunity. See *Robertson v. City of Topeka,* 231 Kan. 358, 359, 644 P.2d 458 (1982); *Wheat v. Finney,* 230 Kan. 217, 218-20, 630 P.2d 1160 (1981), where governmental immunity is said to be a bar.

In the present case, we conclude there is no affirmative relief available to Fred and there is no suit or claim of liability against the immune plaintiff. The trial court erred in holding Fred's claim is not an available defense to plaintiff's claim for relief.

Reversed and remanded for further proceedings.