ROSZKOWSKI, Senior District Judge.
 

 This is an appeal from the district court’s order affirming the bankruptcy court’s decision in favor of the defendant. At issue first is the ownership of unsevered crops after the foreclosure sale of the farmland in question. The second issue is whether the defendant retains Eleventh Amendment immunity from suit by the plaintiffs. We affirm the conclusions of the bankruptcy court and the district court that ownership of the crops ran with the land and that the Wyoming Farm Loan Board is immune from suit.
 

 I.
 

 The plaintiffs are farmers in Albin, Wyoming. The defendant, Wyoming Farm Loan Board, held mortgages on the plaintiffs farms, which were executed in September 1985. In May 1986, the plaintiffs filed Chapter 11 petitions in bankruptcy, at which time the plaintiffs had already been in default on the loans.
 

 While the case was pending in the bankruptcy court, the plaintiffs filed six proposed reorganization plans, each of which was not confirmable. The bankruptcy court ordered the plaintiffs to present a confirmable plan or risk dismissal of their petitions. A plan was filed and a hearing on it was held on November 2,1988. The court could not confirm the plaintiffs’ plan and granted the secured creditors relief from the automatic stay to proceed with foreclosure.
 

 The defendant initiated foreclosure proceedings on the farmlands. On December
 
 *471
 
 17,1988, the plaintiffs received notice of foreclosure and were informed the foreclosure sale was scheduled for January 31, 1989. Prior to the sale, the plaintiffs filed a document styled “Notice of Administration of Crops in Bankruptcy” with the Laramie County Clerk’s Office. The plaintiffs asserted that the document reserved an ownership interest in the planted crops, barring their sale with the land in the foreclosure.
 

 The farm had five center pivot sprinkler systems as part of its irrigation system. The plaintiffs owned three of the sprinklers. They leased the fourth sprinkler from a neighbor, and owned the fifth, subject to a security interest held by the American National Bank of Kimball. The plaintiffs disputed the ownership of the three sprinklers in relation to the foreclosure sale. The bankruptcy court found them to be personalty and awarded them to the plaintiffs.
 

 At the foreclosure sale, the defendant bid its interest and purchased the land. After they vacated the land, the plaintiffs filed an adversary proceeding in the bankruptcy court claiming ownership of the unsevered winter wheat crop. The crop was unmatured and still growing on the land at the time of the sale and at the time the defendant took possession. Alternatively, the plaintiffs asked for reimbursement for the costs they put into the crops. They also claimed that the defendant wrongfully converted the crops, that the defendant negligently managed the crops causing them damages, that the defendant intentionally interfered with the plaintiffs’ attempt to exercise their option to buy clause in the lease of the fourth sprinkler system. They also requested that the court issue a declaration that the plaintiffs owned the three sprinklers, that they be awarded rent on the sprinklers, and punitive damages.
 

 Pending resolution of the adversary proceeding, the bankruptcy court directed that the defendant had a right to harvest the crop when it matured, providing that it sequestered the proceeds in a separate account.
 

 In separate rulings on motions for summary judgment, the bankruptcy court held that the defendant owned the crops, but the sprinklers were personalty of the plaintiffs. The remaining issues were set for trial. After trial, the bankruptcy court awarded the plaintiffs costs associated with planting the wheat crop but dismissed the claims of unjust enrichment, conversion and intentional interference with a contract. The bankruptcy court also decided that the defendant was an arm of the state, having Eleventh Amendment immunity from money damages, and dismissed the claim for rent of the sprinkler systems. However, the court ordered the sprinklers to be awarded to the defendant as a setoff for its unsecured claim. The court subsequently amended that part of its judgment, awarding the plaintiffs possession of the sprinklers.
 

 The plaintiffs appealed to the district court, which affirmed. The district court agreed that the defendant retains Eleventh Amendment immunity and could not be sued for money damages. The court found that the issues of ownership of the crops were properly framed and decided. Finally, the district court affirmed the bankruptcy court’s exercise of discretion in awarding costs of planting the crops to the plaintiffs. The plaintiffs appeal to this court.
 

 II.
 

 The plaintiffs first challenge the lower court’s determination that the ownership of the crops transferred with the land. This is a legal issue and therefore this court has
 
 de novo
 
 review over this determination.
 
 See In re Hart,
 
 923 F.2d 1410, 1411 (10th Cir.1991). Issues of a factual nature are reviewed for clear error.
 
 Id.
 

 The Haldemans executed two mortgages to the defendant in which the Haldemans did not reserve an interest in the crops at issue. A common law rule of real property is that unmatured crops which continue to draw sustenance from the soil pass with title to the land unless specifically reserved. Once severed from the land, crops become personal property. The crop of -winter wheat here was unsevered and three months from maturation. Neither party cites any recent Wyoming caselaw in support of their position. However, we agree with the reasoning of the district court in finding that the unmatured
 
 *472
 
 crops passed to the defendant as purchaser at the foreclosure.
 

 The common law of Wyoming appears to follow the same rule as in other states, which hold that crops which continue to draw sustenance from the soil pass with the title to the land unless specifically reserved. In
 
 Gross v. Robinson,
 
 36 Wyo. 392, 256 P. 80,83 (1927), the Wyoming Supreme Court stated that:
 

 The majority of courts, however, seem to hold that one who recovers land from an adverse holder, as, for instance, a successful plaintiff in ejectment, is entitled to all the crops not yet severed from the land. This is upon the theory that the crops still standing on the land and affixed to the soil are part and parcel of the land, and not personal property, though crops are personal property for some purposes, and that the recovery of the land necessarily includes such crops.
 

 Id.
 
 256 P. at 83;
 
 see also Womach v. Thomas,
 
 486 A.2d 15, 17 (Del.Ch.1984);
 
 Wood v. Wood,
 
 116 Colo. 593, 183 P.2d 889, 890 (1947);
 
 Whitfield v. Gay,
 
 253 S.W.2d 54, 56 (Tex.App.1952);
 
 Smith v. Dairymen’s League Co-Op. Ass’n, Inc.,
 
 186 Misc. 82, 58 N.Y.S.2d 376, 380 (N.Y.Sup.Ct.1945);
 
 Rector v. Lewis,
 
 46 Cal.App. 168, 188 P. 1018 (1920); Annotation,
 
 Conveyance Of Land As Including Mature But Unharvested Crops,
 
 51 A.L.R. 4th 1263 (1987); 21A Am.Jur.2d,
 
 Crops
 
 § 14 (1981); 25 C.J.S.,
 
 Crops
 
 § 6 (1966).
 
 Cf. Fleming v. Goggins,
 
 375 P.2d 474 (Wyo.1962) (Tenant farmer entitled to silage converted from corn
 
 already harvested
 
 but had been stored on the land).
 

 Here, the crops remained unmatured and unsevered at the time the plaintiffs’ three-month right of possession pending redemption had expired, giving the Haldemans no additional rights. The plaintiffs knew foreclosure was “a distinct possibility.” Nevertheless, the plaintiffs continued to work the land. The district court noted that the mortgagor arguably does not lose anything by continuing to work the land because the crop on the land enhances the price of the land at sale.
 

 The plaintiffs contend that they are fighting on behalf of the bankruptcy estate to pay off unsecured creditors and argue that the defendant receives a windfall by taking the crops. They assert that the crops are personalty subject to the provisions of the automatic stay. Second, the plaintiffs argue that the crops are personalty because Wyoming takes a lien theory approach to mortgages, the relief from the stay allows the foreclosure on a prepetition lien, which was on
 
 the
 
 land alone and did not include the crops which are after-acquired property.
 

 We believe the plaintiffs’ arguments attempt to avoid the initial question of state property law, namely, whether the crops are personal property or part of the real estate. Some jurisdictions have recognized an exception to the general rule that crops run with the land. That exception is limited to circumstances when the crops are matured but not yet harvested at the time the purchaser acquires title to the real property.
 
 See Conveyance Of Land As Including Mature But Unharvested Crops,
 
 51 A.L.R. 4th 1263;
 
 cf. Fleming,
 
 375 P.2d 474. That exception is not applicable here. The exception and cases adopting it deal with matured unsevered crops, while this case deals with unmatured crops, which pass with title to the land.
 

 The plaintiffs also suggest that the crops are after-acquired property and that 11 U.S.C. § 522 exempts the crops from the estate. The plaintiffs argument again jumps ahead of the analysis. Our finding that title to the crops is determined by state property law resolves the issue. The crops were properly found to transfer with title to the land to the defendant when it purchased the land at the foreclosure sale.
 
 [1]
 

 
 *473
 
 III.
 

 The plaintiffs also contend that the defendant does not have Eleventh Amendment immunity from monetary judgments against it. The plaintiffs have claims of conversion against the State Farm Loan Board for use of their sprinkler systems and ask for an appropriate rent to be awarded as damages. The district court affirmed the bankruptcy court’s finding that the State Farm Loan Board is immune from suit pursuant to the Eleventh Amendment.
 

 The issue of whether an agency qualifies for Eleventh Amendment immunity was discussed in
 
 Ambus v. Granite Bd. of Educ.,
 
 995 F.2d 992 (10th Cir.1993) (en banc). Discussing the issue in the context of local school districts, the court applied the test set out by the Supreme Court in
 
 Mt. Healthy City School District Board of Education v. Doyle,
 
 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).
 

 The Court ruled four factors to be relevant: (1) the characterization of the district under state law; (2) the guidance and control exercised by the state over the local school board; (3) the degree of state funding received by the district; and (4) the local board’s ability to issue bonds and levy taxes on its own behalf.
 

 Ambus,
 
 995 F.2d at 994. In evaluating an assertion of immunity by an entity such as the Wyoming Farm Loan Board, the court first examines the degree of autonomy given to the agency, as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state. Second, the court examines the extent of financing the agency receives independent of the state treasury and its ability to provide for its own financing.
 
 See id.; see also Ambus v. Granite Bd. of Educ.,
 
 975 F.2d 1555, 1561 (10th Cir.1992),
 
 aff'd as modified,
 
 995 F.2d 992 (10th Cir.1993) (en banc);
 
 Unified School Dist. No. 480 v. Epperson,
 
 583 F.2d 1118 (10th Cir.1978). The governmental entity is immune from suit if the money judgment sought is to be satisfied out of the state treasury.
 
 Id.
 

 The defendant here is the Wyoming Farm Loan Board. It is created by state statute and is empowered to establish and manage a system of farm loans. Wyo. Stat. 11-34-101 et seq. Wyoming law holds that “no suit can be maintained against the State until the legislature makes provision for such filing; and, that absent such consent, no suit or claim could be made against the State.”
 
 Biscar v. University of Wyo. Bd. of Trustees,
 
 605 P.2d 374, 375 (Wyo.1980) (quoting
 
 Worthington v. State,
 
 598 P.2d 796, 801 (Wyo.1979). The legislature has waived the state’s immunity in certain circumstances in the Wyoming Governmental Claims Act, Wyo.Stat. 1-39-101 et seq. Section 1-39-104(a) states that “a governmental entity and its public employees while acting within the scope of duties are granted immunity from liability for any tort except as provided by W.S. 1-39-105 through 1-39-112.” Wyo. Stat. l-39-104(a). The statutory exceptions to immunity are limited in scope and do not apply here. As the district court found, “ ‘[t]he purpose behind the Act is to balance the respective equities between persons injured by governmental actions and the taxpayers of the state of Wyoming whose revenues are utilized by governmental entities on behalf of those taxpayers.’ ”
 
 Haldeman v. State Farm Loan Board,
 
 No. 92 CV 0094-B mem. op. at 6 (May 10, 1993). The remaining issue then, is whether the defendant is a governmental entity for purposes of this immunity.
 

 The defendant argues that any judgment against it would come from the state treasury and it is therefore immune under the test described in
 
 Ambus.
 
 The plaintiffs contend that the defendant Board functions as a bank and has no traditional governmental function under which it should be allowed to claim immunity. The plaintiffs also argue that by making its claim in bankruptcy, the defendant waived whatever immunity it may have.
 

 We agree with the reasoning of the district court in finding the defendant to be an arm of the state entitled to Eleventh Amendment immunity. The Board is not autonomous from the state. Its interest income from the loans it makes is deposited into a “Permanent Mineral Trust Fund” created by statute and strictly controlled by the legislature.
 
 *474
 

 See
 
 Wyo.Stat. 11-34-201, 11-34-202;
 
 see also
 
 Wyo.Stat. 9-4-601, 9-4-603. The defendant does not have autonomy over its budget and funds. Without that type of autonomy or control, it is apparent that a monetary judgment would possibly be paid from state funds. It is this possibility which this court has previously recognized as an influencing factor.
 
 See Epperson,
 
 583 F.2d at 1123;
 
 see also Braderman v. Pennsylvania Housing Finance Agency,
 
 598 F.Supp. 834, 838-840 (M.D.Pa.1984) (factors in discussing autonomy).
 

 The district court also distinguished the result in
 
 Epperson,
 
 by the fact that the defendant is the only one of its kind in the state and does not retain extensive powers. In
 
 Epperson,
 
 the court found the plaintiff school board to be one of many school boards throughout the state, each of which holds extensive powers. The court found these factors to make the school board more like a county or municipality rather than an arm of the state. As stated, the Farm Loan Board is the only entity of its kind in the state. The legislature has limited its powers and controls its financing. Therefore, any payment required of the defendant would likely come from the state treasury.
 

 Finally, as the district court observed, the court must strictly construe a statute derogating state sovereignty to avoid extending the waiver unnecessarily. Our reading of the Wyoming statutes indicates that the state had no intention to waive the immunity of the Farm Loan Board.
 

 The plaintiffs also argue that the state waives its immunity when it makes an affirmative claim against a debtor in bankruptcy. The matter on appeal, however, is from an adversary proceeding initiated by the plaintiffs. In any event, the Bankruptcy Code does not create an unequivocal waiver of sovereign immunity for the claim of a bankruptcy trustee.
 
 United States v. Nordic Village Inc.,
 
 503 U.S. -, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992);
 
 Hoffman v. Connecticut Dep’t. of Income Maintenance,
 
 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989);
 
 but cf. In re Crook,
 
 966 F.2d 539 (10th Cir.1992) (Sovereign immunity issue not reached when there are only claims for injunctive and declaratory relief).
 

 The plaintiffs contend that
 
 Ruppenthal v. State, By and Through the Economic Development and Stabilization Bd.,
 
 849 P.2d 1316 (Wyo.1993), allows them to bring their claim for a monetary judgment. In
 
 Ruppenthal,
 
 the state loaned money to a corporation, with a personal guaranty from its president, Rup-penthal. The corporation defaulted on the loan and the state filed a collection action. Ruppenthal answered and filed a counterclaim alleging misconduct by the state. The trial court dismissed the counterclaim but the Wyoming Supreme Court reversed, holding that:
 

 [A] claim which would otherwise be barred by the doctrine of sovereign immunity may be asserted as a counterclaim in a government initiated lawsuit if it “arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim” ... and is asserted to reduce or defeat the government’s claim.
 

 Id.
 
 In viewing the doctrine of sovereign immunity as one in which the court must strictly construe against its abrogation, such a holding is properly limited to counterclaims against an action by the state. Here, the plaintiffs brought an independent action against the state for the recovery of a money judgment. It is a claim for recoupment brought as an independent action and is barred by sovereign immunity.
 
 See id.
 
 at 1320 (citing
 
 Hawkeye-Security Insurance Co. v. Apodaca,
 
 524 P.2d 874, 879 (Wyo.1974)). The district court properly concluded that the Farm Loan Board retains sovereign immunity and may not be sued by the Haldemans.
 

 IV.
 

 For the reasons stated, we find the district court properly found that title to the unsevered crops transferred with title to the land to the defendant as purchaser at the foreclosure sale. The court properly exercised its discretion in awarding the plaintiffs the costs of their labor from the proceeds from the crops, and properly concluded that the defendant has Eleventh Amendment immunity against the plaintiffs remaining
 
 *475
 
 claims. The judgment of the district court is affirmed.
 

 [1]
 

 . Based upon the finding that the crops run with the land, the district court reviewed the bankruptcy court’s award of the reasonable value of the plaintiffs labor in those crops. The district court questioned the award based upon the argument that the value of unsevered crops enhances the value of the land when it is sold at the foreclosure. The district court affirmed the bankruptcy court's decision, however, concluding its findings were not clearly erroneous and that the bankruptcy court properly exercised its discretion. While we tend to agree with this conclusion, we need not address the issue further since the parties have not contested it.