# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 20

OCTOBER TERM, A.D. 2019

*February 13, 2020*

LANTZ-BOGGIO ARCHITECTS, P.C.,

Petitioner,

v.

CAMPBELL COUNTY HOSPITAL
DISTRICT,

Respondent.

S-19-0209

*Original Proceeding*
*Petition for Writ of Review*
*District Court of Campbell County*
*The Honorable John R. Perry, Judge*

*Representing Petitioner:*
    J. David Horning, Horning, Horning & McGrath, LLC, Gillette, Wyoming; Christopher A. Taravella, Montgomery Little & Soran, P.C., Greenwood Village, Colorado. Argument by Mr. Horning.

*Representing Respondent:*
    Tom C. Toner, Yonkee & Toner, LLP, Sheridan, Wyoming.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]   We granted Lantz-Boggio Architects, P.C.'s petition for writ of review to answer whether:

> a claim which would otherwise be barred by the doctrine of sovereign immunity for failure to comply with the claims procedure of the Wyoming Governmental Claims Act [may] nonetheless be asserted as a counterclaim in a government-initiated lawsuit if it arises out of the same transaction or occurrence that is the subject matter of the government's claim and is asserted to reduce or defeat the government's claim[.]

[¶2]   We conclude, and the parties agree,[1] that *Ruppenthal v. State* unequivocally answers this question, and the answer is yes:

> a claim which would otherwise be barred by the doctrine of sovereign immunity may be asserted as a counterclaim in a government-initiated lawsuit if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," W.R.C.P. 13(a), and is asserted to reduce or defeat the government's claim.

849 P.2d 1316, 1321 (Wyo. 1993).  We therefore remand this case to the district court for further proceedings consistent with this opinion.

---

[1] Counsel for Lantz-Boggio and Campbell County Hospital District agreed at oral argument that *Ruppenthal* clearly permitted Lantz-Boggio to plead a recoupment counterclaim against the Campbell County Hospital District in the manner detailed in the question presented.