**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 25 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JULIA SCHAFFRATH and MIKE
SCHAFFRATH, Legal guardians for and
on behalf of R.J.H., a minor,

        Plaintiffs - Appellants,

    v.

CHRIS THOMAS; PENNY BREIMAN;
UTAH DEPARTMENT OF HUMAN
SERVICES, Division of Family Services;
D. MICHAEL STEWART; B.D.
STEDMAN; LYNN A. SAMSEL,
TIMOTHY C. HOLM; STEPHANIE
MCNEIL, and GUARDIAN AD
LITEM'S OFFICE,

        Defendants - Appellees.

No. 98-4030
(D. Ct. No. 96-CV-698)
(D. Utah)

---

**ORDER AND JUDGMENT***

---

Before **TACHA**, **MAGILL**,† and **BRISCOE**, Circuit Judges.

---

    *This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    †The Honorable Frank Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

1

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Julia and Mike Schaffrath, on behalf and as legal guardians of their nephew R.J.H., a minor, initiated this action in the United States District Court for the District of Utah, seeking to recover damages under various legal theories for injuries inflicted upon R.J.H. by an older boy at the Salt Lake County Shelter. The district court dismissed without prejudice all claims against defendants named in the complaint who had not been served and granted summary judgment in favor of the remaining defendants. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Background

At the time the events leading to this lawsuit occurred, R.J.H., a five-year-old boy, had been removed from his home because his mother, Jennie Harkness, abused illegal substances. The Utah Division of Family Services ("DFS") arranged for him to live with his aunt and uncle, Julia and Mike Schaffrath. Harkness, however, retained legal custody of R.J.H.

In August 1994, Harkness called the Schaffraths and demanded that they return R.J.H. to her. Because they understood that legal custody remained with Harkness, the Schaffraths took R.J.H. to her. At that time, Harkness was staying with her mother, Leila

2

Olsen, whom Julia Schaffrath knew had a history of alcoholism and abusive conduct.  A week later, Olsen informed the police that R.J.H. had been left at her home and she did not want him there.  She also stated she could not care for him.  Officers went to her home and removed R.J.H.

The next day, DFS assigned defendant Stephanie McNeil as R.J.H.'s case worker.  McNeil visited Olsen that same day and found her, as the police had the evening before, intoxicated.  When DFS staff met to determine where to place R.J.H., defendant Penny Breiman,[1] an attorney appointed to serve as R.J.H.'s guardian ad litem, opposed returning R.J.H. to the Schaffraths because she believed that they had knowingly endangered him by delivering him to Olsen's home.  DFS eventually placed R.J.H. in the Salt Lake County Shelter pending a family site evaluation study.

On August 27, 1994, Gerald Cox, a thirteen-year-old boy residing at the shelter, beat and sexually abused R.J.H., resulting in his conviction for one count of sodomy and one count of sexual abuse.  The Schaffraths filed this action pursuant to 42 U.S.C. § 1983 against various institutional and individual defendants.  They also asserted claims of legal malpractice against Penny Breiman and the Guardian ad Litem Office.  The plaintiffs failed to serve a number of the defendants named in the complaint.  As a result, the only defendants properly before the district court included Penny Breiman, the

---

[1]Since this appeal was filed, Appellee Penny Heal Trask has changed her name to Penny Breiman.

Guardian ad Litem Office, the Division of Family Services, and Lynn Samsel and Stephanie McNeil, both DFS employees. The defendants moved for summary judgment, asserting various defenses, including Eleventh Amendment and qualified immunity. Plaintiffs twice moved to stay the summary judgment motions in order to pursue discovery pursuant to Federal Rule of Civil Procedure 56(f). They also sought leave to amend their complaint, which the magistrate judge denied. On February 4, 1998, the district court denied plaintiffs' Rule 56(f) motion and granted summary judgment in favor of defendants. The court entered judgment on February 5, 1998, disposing of all claims.

## II. Notice of Appeal

Although plaintiffs timely filed a notice to appeal the summary judgment order on February 18, 1998, the notice did not encompass all issues decided by the district court. The notice of appeal stated:

> Plaintiffs hereby put the parties on notice that they will appeal the following issues. They will appeal Magistrate Boyce's initial discovery order . . . , Magistrate Boyce's denial of plaintiffs' request to amend the complaint and the court's dismissal of plaintiffs['] civil rights claim against defendant Penny [Breiman] and defendant Stephanie McNeil. The plaintiffs will further appeal the court's denial of its Rule 56(f) motion and the Court's specific finding that plaintiffs failed to pursue discovery.

Appellee Breiman's Supp. App. at 13-14. These are the only issues over which we have jurisdiction on appeal. See Foote v. Spiegel, 118 F.3d 1416, 1422 (10th Cir. 1997) (holding that this court had no jurisdiction to review an issue because the notice of

4

appeal did not identify it); Cunico v. Pueblo Sch. Dist. No. 60, 917 F.2d 431, 444 (10th Cir. 1990) ("Our appellate review is limited to final judgments or parts thereof that are designated in the notice of appeal. Plaintiff clearly intended to appeal only a portion of the trial court's order . . . , and our jurisdiction does not extend to other matters of the judgment that plaintiff may now wish to appeal." (citations omitted)). Therefore, we address only the district court's grant of summary judgment in favor of defendants Breiman and McNeil and its rulings on plaintiffs' Rule 56(f) and amendment of complaint motions.

### III. Discovery

Plaintiffs contend that the district court erred in denying their Rule 56(f) motions to engage in discovery, which they argue denied them the opportunity to secure information necessary to prove their claims. We review a denial of a Rule 56(f) motion for an abuse of discretion. See International Surplus Lines Ins. Co. v. Wyoming Coal Refining Sys., Inc., 52 F.3d 901, 904 (10th Cir. 1995); Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1553 (10th Cir. 1993).

Rule 56(f) allows a party opposing summary judgment to delay or defeat the summary judgment motion in order to conduct discovery that is essential to his or her case. The party seeking a Rule 56(f) discovery order must file an affidavit explaining "with specificity how the desired time would enable [the nonmoving party] to meet its burden in opposing summary judgment." Jensen, 998 F.2d at 1554 (internal quotation

5

marks and citation omitted). Essentially, the party must show precisely how additional discovery will lead to a genuine issue of material fact. See id. "Furthermore, if the party filing the Rule 56(f) affidavit has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted." Id.

In this case, the district court found that plaintiffs did not explain with specificity how any evidence they sought through discovery would show that Breiman, the guardian ad litem, was a state actor. The court also found that plaintiffs could identify no specific evidence to overcome the Eleventh Amendment and qualified immunity bars to the claims against McNeil. The court further noted that plaintiffs had not diligently pursued discovery or service of all defendants. These factors, combined with the principle that qualified immunity protects state officials from both liability *and* the burdens associated with discovery and trial, see, e.g., Mitchell v. Maynard, 80 F.3d 1433, 1447 (10th Cir. 1996), led the district court to deny plaintiffs' Rule 56(f) motions. After carefully reviewing the district court's opinion and the record in this case, we hold that the district court did not abuse its discretion in denying plaintiffs' Rule 56(f) motions.

### IV. Summary Judgment

We review the grant of summary judgment de novo, applying the same legal standard used by the district court. See, e.g., Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). "Summary judgment is appropriate if the pleadings, depositions, answers to

6

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. (internal quotation marks and citation omitted). We view the factual record and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. See id.

> While the movant bears the burden of showing the absence of a genuine issue of material fact, the movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim. If the movant carries this initial burden, the non-movant may not rest upon its pleadings, but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.

Id. (internal quotation marks and citation omitted). Unsupported conclusory allegations do not create a genuine issue of fact. See Elsken v. Network Multi-Family Sec. Corp., 49 F.3d 1470, 1476 (10th Cir. 1995). Thus, a non-moving party cannot withstand summary judgment by resting on mere averments made in its pleadings. See, e.g., Wilson v. Meeks, 52 F.3d 1547, 1552 (10th Cir. 1995).

Plaintiffs sued defendants Breiman and McNeil under 42 U.S.C. § 1983 in both their official and individual capacities, and the district court granted summary judgment to defendants. The Schaffraths also asserted a claim of legal malpractice against Breiman which the district court dismissed without prejudice because it had no independent jurisdictional basis to hear the state law claim after disposing of the federal claim against her.

7

## A. Penny Breiman

The district court granted summary judgment in favor of Breiman, holding that as R.J.H.'s guardian ad litem, she did not act under color of state law as required by 42 U.S.C. § 1983. In Meeker v. Kercher, 782 F.2d 153, 155 (10th Cir. 1986), we held that because a guardian ad litem "is a fiduciary who must act in the minor's best interest," id. (internal quotation marks and citation omitted), and who "owes his or her undivided loyalty to the minor, not the state," he or she does not act under color of state law for the purposes of § 1983. We elaborated that "[i]t is the requirement that the guardian ad litem must exercise independent, professional judgment that is crucial to the determination of whether a guardian ad litem acts under color of state law and is therefore a person liable under § 1983." Id.

Here, plaintiffs argue that Breiman conspired with state actors and did not exercise independent, professional judgment in determining the best interests of R.J.H. However, the record contains no evidence to support this argument other than the bald allegations contained in plaintiffs' complaint and the fact that Breiman agreed with the decision to temporarily place R.J.H. in the Salt Lake County Shelter. As noted above, naked allegations are insufficient evidence for the non-moving party to withstand summary judgment. Moreover, "[i]t is of no consequence if, in the exercise of his or her independent judgment on behalf of the minor, the guardian ad litem arrives at a position of advocacy which corresponds with the objectives of the state." Id. Thus, on this

8

record, we affirm the grant of summary judgment to defendant Breiman because she did not act under color of state law as required by § 1983.[2]

## B. Stephanie McNeil

McNeil asserts that the Eleventh Amendment bars plaintiffs' claims for monetary damages made against her in her official capacity. We agree. "The Eleventh Amendment generally bars suits against a state in federal court commenced by citizens of that state or citizens of another state." Elephant Butte Irrigation Dist. of N.M. v. Department of the Interior, 160 F.3d 602, 607 (10th Cir. 1998) (citing Hans v. Louisiana, 134 U.S. 1, 13-15 (1890)), cert. denied sub nom. Salisbury v. Elephant Butte Irrigation Dist. of N.M., __U.S.__, 119 S. Ct. 1255 (1999). Moreover, "when a suit seeks money damages against an official of a state agency, suing that official in his or her official capacity, then the 'real party in interest' is the state, and the suit is barred by the Eleventh Amendment." ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1187 (10th Cir. 1998) (citing Edelman v. Jordan, 415 U.S. 651, 663 (1974)), cert. denied, __U.S.__, 119 S. Ct. 904 (1999); see also Elephant Butte, 160 F.3d at 607.

Plaintiffs argue that DFS is not an arm of the state, but instead is a political subdivision that does not enjoy Eleventh Amendment protection. To make the determination whether DFS acts as an arm of the state, "we engage in two general

---

[2]We also affirm the district court's dismissal without prejudice of the legal malpractice claim against Breiman because it had no supplemental jurisdiction to hear this state law claim.

inquiries." V-1 Oil Co. v. Utah State Dept. of Pub. Safety, 131 F.3d 1415, 1420 n.1

(10th Cir. 1997) (internal quotation marks and citation omitted).

> "[T]he court first examines the degree of autonomy given to the agency, as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state. Second the court examines the extent of financing the agency receives independent of the state treasury and its ability to provide its own financing."

Id. (quoting Haldeman v. Wyoming Farm Loan Bd., 32 F.3d 469, 473 (10th Cir. 1994)).

As we noted in V-1 Oil Co.:

> Utah's Governmental Immunity Act defines the "State" to include "the state of Utah, and . . . any office, department, agency, authority, commission, [and] board." Utah Code Ann. § 63-30-2(9). By contrast, under the statute, Utah's political subdivisions encompass "any county, city, town, school district, public transit district, redevelopment agency . . . or other governmental subdivision or public corporation." Id. § 63-30-2(7).

Id. Nothing in the record suggests that DFS, as an agency of Utah, does not act as an

arm of the state. The district court stated, "Plaintiffs have not provided any analysis of

the powers of DFS upon which this court could base a denial of Eleventh Amendment

immunity. It is clear, however, that the DFS acts as an arm of the State and is, therefore,

entitled to immunity." Dist. Ct. Mem. Order and Op. at 5; Appellants' App. at 96. We

likewise find DFS entitled to immunity. Because DFS, and thereby its officials, enjoys

Eleventh Amendment immunity, the claims against defendant McNeil acting in her

official capacity are barred.

Plaintiffs also assert claims against McNeil in her individual capacity. McNeil

argued, and the district court agreed, that the doctrine of qualified immunity bars these claims. "The qualified immunity doctrine shields government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983 unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Greene v. Barrett, 174 F.3d 1136, 1142 (10th Cir. 1999) (internal quotation marks and citations omitted). "When a defendant pleads qualified immunity, the plaintiff has the heavy burden of establishing: (1) that the defendant's actions violated a federal constitutional or statutory right; and (2) that the right violated was clearly established at the time of the defendant's actions." Id. (citing Horstkoetter v. Department of Pub. Safety, 159 F.3d 1265, 1277-78 (10th Cir. 1998)).

Here, even assuming a violation of a clearly established right occurred, we hold that McNeil is entitled to qualified immunity because her actions did not contribute to the violation. "Even if the plaintiff's complaint adequately alleges the commission of the acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); accord Foote v. Spiegel, 118 F.3d 1416, 1424 (10th Cir. 1997). The uncontradicted evidence contained in the record establishes that McNeil had no supervisory authority over the Salt Lake County Shelter. It also indicates that she did not receive any complaints regarding the shelter and was not otherwise made aware of any possible threat

11

to R.J.H.'s safety during the time he spent there.  Plaintiff Julia Schaffrath's affidavit does not contradict this evidence.  She reported her fears concerning R.J.H. to the shelter's counselor.  She does not state that she reported her concerns to McNeil or any other DFS employee.  Thus, we hold that McNeil did not contribute to the violation of R.J.H.'s rights by recommending his placement in a shelter she reasonably believed was a safe environment.  She is therefore entitled to qualified immunity.

## V.  Motion to Amend Complaint

Plaintiffs argue that the district court abused its discretion in denying their motion to amend their complaint because it barred them from pleading the specific acts of the appellees that violated R.J.H.'s rights.  However, a magistrate judge entered the order, and plaintiffs failed to object within ten days to the district court.  "It is a well established rule that the court of appeals cannot review a magistrate judge's order . . . unless the party requesting review objected to the order in writing to the district court within ten days of receiving a copy of the order."  Pippinger v. Rubin, 129 F.3d 519, 533 (10th Cir. 1997).  Therefore, plaintiffs have waived appellate review of this issue.  See, e.g., Fed. R. Civ. P. 72(a); Frontier Refining, Inc. v. Gorman-Rupp Co., 136 F.3d 695, 706-07 (10th Cir. 1998); Pippinger, 129 F.3d at 534; Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164-65 (10th Cir. 1986).

## VI. Conclusion

For the above reasons, we AFFIRM the district court's grant of summary judgment in favor of defendants. We further AFFIRM its rulings on plaintiffs' Rule 56(f) and amendment of the complaint motions.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge